## S. E. Goforth v. The State.

### No. 6856. Decided May 31, 1922.

1.—Automobile—Collision—Validity of Statute.

Where appellant was convicted for failure to stop and render necessary assistance in an automobile collision, the Constitutionality of the law was

assailed, this contention cannot be upheld under former rulings of this court. Following Scott v. State, 233 S. W. Rep., 1097, and other cases.

### 2.—Same—Charge of Court—Reasonable Doubt.

Where, upon trial of not rendering necessary assistance in an automobile collision, the defendant claimed that he did not know that he had injured anybody, a charge of the court which omitted to submit the reasonable doubt in connection with such knowledge, as requested, was reversible error.

### 3.—Same—Reasonable Doubt—Practice in Trial Court—Requested Charge.

Where, in the instant case, assuming that the jury found that the car driven by the appellant killed the deceased, the only defense presented was the affirmative one mainly, that he did not know that it struck the injured party, and for that reason did not stop, and if the evidence was such as to raise in the minds of the jury a reasonable doubt as to whether appellant knew that the accident had occurred, this was sufficient to acquit the defendant, and the requested charge on reasonable doubt should have been submitted.

### 4.—Same—Circumstantial Evidence.

In view of another trial the court should instruct the jury upon the law of circumstantial evidence.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of not rendering necessary assistance in automobile accident; penalty, a fine of $1500 and nine months imprisonment in the county jail.

*W. W. Nelms,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited cases in opinion.

MORROW, PRESIDING JUDGE.—The judgment condemns appellant to pay a fine of $1500 and to suffer confinement in the county jail for a period of nine months for violation of that provision of the statute which denounces as an offense the failure of the operator of an automobile in collision with another vehicle or person to stop and render necessary assistance.

The constitutionality of the law is assailed upon grounds identical with those considered and held untenable by the court in the case of Scott v. State, 90 Texas Crim. Rep., 100, 233 S. W. Rep., 1097, and Stalling v. State, 90 Texas Crim. Rep., 310, 234 S. W. Rep., 914.

The appellant, in company with the witness Payne, was riding in an automobile at night-time upon one of the roads near the city of Dallas. The car was an eight-cylinder Cole runabout, described as a large light-colored car. The appellant was driving it. It passed

a Ford car in which the McClures (father and son) were riding, and immediately after passing, according to the theory of the State, appellant's car struck the deceased, who was a pedestrian upon the road, and killed him. The McClures testified concerning the tragedy that a low-built light-colored car, rather large, passed them, traveling east at a rapid speed; that shortly before that they saw the pedestrian on the street some distance ahead, and a few moments later they found the deceased lying dead beside the road. They did not see the collision, giving as a reason therefor that the car which struck the deceased obscured him from their view. A witness residing near the road testified: "I saw the car coming and a man walk down the middle of the street. They gave a signal as they came down the street, and the man passed on by the house and I heard the collision. I could not see whether this party was walking on the edge of the street or not at the time the collision occurred. He was about seventy-five feet from the arc-light."

Another witness living near by heard a noise like a car strike something and afterwards found the deceased on the street.

Payne, who was riding with the appellant, testified that he saw something that looked like a man on the street and heard the car strike something and soon afterwards told the appellant that he thought they had struck something that looked like a man. Appellant said, "No;" that he thought he had scraped the fender of the Ford car that they had just passed. The witness felt no jar. Appellant appeared nervous. The Ford car which was passed was traveling at about twenty miles per hour, and appellant's car was speeded up to about twenty-five miles an hour in passing it. Later, while on their way, the witness told appellant that he thought they had hit an object, though he could not be certain that it was a man because the lights on the car were dim, but he thought it was a man. On reaching Reinhardt, a few miles from the place where the accident occurred, they examined the car and found a dent in the fender. Appellant then requested the witness to go back in another car, which was available and ascertain whether any one was hurt. This the witness did and informed the appellant by telephone. The appellant manifested distress and surrendered to the officers.

There were many cars on the road. The appellant testified that when passing the Ford Car, the road was narrow and the passage close, and his attention was directed to the car which he was passing, being concerned that he should not strike it; that he saw something on the left and whipped around to keep from hitting it. He saw nothing that resembled a human being and felt no jar. He heard a little noise but drove on. It sounded like a couple of fenders scraping. On the way to their destination, the witness Payne remarked that they had hit something. The appellant said, No, that he thought they had scraped fenders while passing the other car. At that time

appellant had no idea that they had struck or injured any person. Had he known this, he would have stopped and rendered assistance. An examination of the car at Reinhardt revealed that one of the fenders was bent and Payne was requested by appellant to return and ascertain whether any one was injured.

It was admitted that there was a small amount of whisky in the car belonging to the appellant, but he testified that he was not under the influence of liquor.

The record does not reveal any examination of the body of the deceased. One of the witnesses testified that he was not dead when she reached him, but he died in about five minutes. His wounds, however, were not described.

The statute denouncing this offense declares that "whenever an automobile strikes a person, the driver shall stop and shall render to the person struck all necessary assistance." The court, after instructing the jury touching the elements of the law and telling them that if while driving the automobile that struck the deceased, appellant unlawfully failed to stop after the collision and did not render all necessary assistance, he would be guilty, the court further instructed them in these words: "If you believe from the evidence that the said S. E. Goforth did not know that the automobile he was driving struck the said John Hatzenbuehler or some other person, then, in that event, you will acquit the defendant and say by your verdict, not guilty."

Appellant requested an instruction to the effect that the jury should acquit if they entertained a reasonable doubt that appellant knew that the car he was driving had struck a person. This request should have been granted. The nature of the statute upon which the conviction rests is such that absence of knowledge on the part of the driver that his car struck some person or vehicle would entitle him to an acquittal. In a trial for this offense, it must be borne in mind that the prosecution is not for homicide. If the appellant killed the deceased through negligence or design, he would be subject to prosecution under the statutes punishing for homicide. In the instant case the offense is failure to stop and render necessary assistance.

In Stalling's case, (234 S. W. Rep., 915), concerning the statute denouncing this offense, it is said: "It is true that the word 'knowingly' is not included in the act of the Legislature. It would not be necessary, doubtless, for the court to instruct upon that subject in every case, but in a case like the present one, when the evidence leaves the question of appellant's knowledge of the accident in a condition that its solution is a question for the jury, we think it incumbent upon the court, in response to a proper exception, to instruct the jury that the want of knowledge of the accident would excuse the failure to stop and render aid."

In discussing an attack on the statute in the Scott case (90 Texas Crim. Rep., 100), it was said: "We have reached the conclusion that a

fair and reasonable construction of the statute in question is that the party should render all the aid which would reasonably appear to him as an ordinary person at the time to be necessary."

Other expressions in that opinion reflect the view of this court that it was not the intent of the Legislature in passing this statute to make one amenable to punishment thereunder when he did not know that an accident had taken place. Further discussing it in that case, it is said: "A party operating an automobile which may injure another in collision ought to be impelled by humanitarian motives, in the absence of any law, to tender aid in an effort to minimize the result of the injury. In doing this he would naturally and instinctively do the thing which to him, under the circumstances, appeared to be proper and necessary to alleviate suffering."

In the instant case, the appellant's defenses consist in his claim that although his car may have struck the deceased, he was not aware of it. The court, as stated above, told the jury that if they believed that the appellant did not know, they would acquit him, but upon his request, it occurs to us that he was entitled to have them told that if he did not know it or if they had a reasonable doubt upon that subject, they would acquit. If he did not know that he had struck the deceased, then, as stated above, he was not guilty of this offense though he might have been guilty of negligent homicide. The statute, Article 785, Code of Crim. Proc., declares in terms that: "The defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence; and, in case of reasonable doubt as to his guilt, he is entitled to be acquitted."

In Article 11 of the Penal Code, it is said: "Every person accused of an offense shall be presumed to be innocent until his guilt is established to the satisfaction of those whose province it is to try him."

In his Annotated Texas Penal Code, Mr. Branch collates many decisions of this court dealing with these statutory provisions, deducing from them these propositions:

"The charge need not couple reasonable doubt in connection with every or any particular phase of the case, if it be given in regard to the whole case," citing Hutto v. State, 7 Texas Crim. App., 48, and other cases.

"A reasonable doubt may arise from a want of evidence as well as from the evidence," citing Massey v. State, 1 Texas Crim. App., 570; Abram v. State, 36 Texas Crim. Rep., 44, and other cases.

"If a charge requiring the jury to 'find' or 'believe' the defensive theory is coupled with a reasonable doubt, the charge as a whole is correct," citing Smith v. State, 45 Texas Crim. Rep., 251, and other cases.

"A charge is error which requires the jury to 'find' or 'believe' the defensive theory before they can acquit, if reasonable doubt is not also charged in immediate connection with the same paragraph," citing

Shamburger v. State, 24 Texas Crim. App., 457; Johnson v. State, 29 Texas Crim. App., 153, and other cases.

In our judgment, the facts in the instant case bring it within the rule stated and applied in the case of Johnson v. State, supra, from which we take the following quotations: "We think the paragraph is subject to the exception that it requires the jury to 'believe from the evidence' the existence of the conditions which entitled him to acquittal. It virtually requires the jury to believe from the evidence that he is innocent before finding him not guilty, whereas the correct rule is that the jury must presume his innocence until his guilt has been established by the evidence beyond a reasonable doubt. If the jury entertained a reasonable doubt upon the whole evidence of the defendant's guilt, it was their duty to acquit him, although they might not believe from the evidence the existence of the facts and conditions, or any of them, mentioned in said paragraph. It is true that in concluding his charge the learned judge gave the usual instruction as to the presumption of innocence and as to reasonable doubt, and ordinarily such instruction is sufficient, but in this case we do not think it was sufficient to correct and counteract the error in paragraph five."

In the instant case, assuming that the jury found the car driven by the appellant killed the deceased, the only defense presented was the affirmative one, namely: "that he did not know that it struck him," and for that reason did not stop. If this was true, he was not guilty. He testified that it was true, and introduced circumstances supporting this theory. The State furnished no direct testimony that it was not true, but from the incidents which are related by its witnesses, it invited the jury to draw the inference that appellant's defense was not true. It was not necessary to entitle him to an acquittal that he prove its truth; it was enough if the evidence was such as to raise in the minds of the jury a reasonable doubt as to whether appellant knew that the accident had occurred. The special charge requested by the appellant would have so informed the jury and we regard its refusal as error.

In view of another trial, we will add that if again requested to do so, the court should instruct the jury upon the law of circumstantial evidence. This request was denied upon the ground that the facts brought the appellant in such close juxtaposition to the accident as to render a charge upon the law of circumstantial evidence unnecessary. If in reaching the conclusion that the proof was of such character as to show that appellant's car struck the deceased, it cannot, in justice to the record, be said that his knowledge of the accident comes within this rule.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*