# DECEMBER 12, 1934

ROBERT.BLAKELEY V. THE STATE.

No. 17240.   Delivered December 12, 1934.
Reported in 77 S. W. (2d) 688.

The opinion states the case.

*Benjamin Kucera* and *Vickers, Campbell & Evans,* all of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The prosecution is under article 1150, P. C., which denounces as an offense the failure of one driving or controlling an automobile which comes in collision with another to stop and render aid. The punishment was assessed at confinement in the penitentiary for one year.

The State relied upon circumstantial evidence. J. A. Byerley was walking along the Becton-Idalou road at night when he noticed an automobile approaching, going in the same direction he was traveling. The car had poor lights and was zig-zagging from one side of the road to the other. At this juncture we quote from the testimony of Mr. Byerley as fol-

lows: "I just said to myself, 'That car hasn't got much lights" and I just stepped off of the edge of the road. * * * The left hand light was awfully poor, and the light from the other one was reasonably dim, in fact, it was mighty dim and I just figured that they didn't have enough lights to be able to see a fellow if he was in the road."

We quote further from the testimony of the witness: "The car was making an awful racket. It was making a racket just like any car will that is opened up. It appeared to be running fast. The last that I remember the car was coming up behind me. I do not remember it passing me, and it didn't hurt me when it hit me, because I don't remember it hitting me. * * * When I regained consciousness I was in the Lubbock sanitarium here."

The witness could give no description of the car or of its occupants when he was picked up a few minutes later by some parties who had heard someone hollering down the road. To connect appellant with the commission of the offense the State offered proof to the effect that there was a singing at the school house at Becton, which was near the scene of the accident; that appellant and a companion were at the singing; that appellant took a drink of liquor out of a bottle and appeared to one of the witnesses to be intoxicated; that appellant and his companion got in an automobile and drove down the Becton-Idalou road; that the car was swerving from one side of the road to the other; that after appellant and his companion had left the school house witnesses heard someone holler down the road; that these witnesses drove to the scene of the accident and found Mr. Byerley lying in the bar pit severely injured; that there was no car there, but that the lights of a moving car on the road a considerable distance beyond Mr. Byerley could be seen. The State proved further that there was some broken glass on the road near the injured party which appeared to have come from a headlight. An examination of appellant's car disclosed that the front bumper had been broken loose and was tied up with a wire, and that one of the headlights was broken.

Appellant and his witnesses testified that the headlight on the car had been broken a week before Mr. Byerley was injured, and that the bumper had been broken loose and tied up with a wire for many months prior to the injury of Mr. Byerley. Appellant admitted that he was driving on the Becton-Idalou highway on the occasion in question, but declared that he did not see anybody walking along said highway. He testi-

fied that he was not in the least intoxicated. We quote from his testimony: "I did not see any person or any automobile along that highway between Becton and Idalou. I did not run over any man or anything on the way."

By timely and proper exception appellant criticised the charge of the court on the ground that there was error in failing to submit to the jury the question as to whether appellant had knowledge of the collision. In Stalling v. State, 234 S. W., 914, wherein a similer situation was presented, this court, speaking through Presiding Judge Morrow, used language as follows: "It is true that the appellant relies upon evidence of alibi. This, however, did not deprive him of the right to have submitted to the jury any other defensive theory sanctioned by the law which arose from the evidence. The night was dark and cloudy. He admitted, in his testimony, that on the same evening he was driving an automobile which the circumstances, as determined by the jury, identified as the one which caused the injury. It was undisputed that the car which struck Mrs. Patterson did not stop after striking her. It was claimed by some of the State's witnesses that it was going at a high rate of speed, about 35 miles per hour, and after the accident continued its course. * * *."

We quote further from the opinion: "It is the theory of the State that the appellant was the driver of the car. It was his contention that he was not the driver. The conviction is based upon the idea that the State's theory was correct, and it is upon this theory that the question as to whether there was an issue of knowledge must be determined. Doubtless, the jury might have concluded that the driver of the car became aware of the accident, but we do not deem it conclusive to a degree that would take the question of knowledge of the accident away from the jury and render it competent for the court to decide it as a matter of law."

In the present case it is observed that the collision occurred at night. The lights on the car were very poor. The injured party testified that because the lights were not in good condition he stepped off of the road, and further, that the thought occurred to him that the car did not have enough lights to enable the driver to see a pedestrian. Again, it was his version, as already pointed out, that the car was going fast and making a great deal of noise. Appellant testified that he saw no one walking along the road on the occasion in question. It is true he stated that he had collided with no one. However, in the case from which we have quoted, the testimony of the accused

that he was not at the scene of the accident was equivalent to a denial that he had collided with the injured party. Under the circumstances reflected by the record, we are of the opinion that in failing to amend the charge in response to appellant's exception, the trial court committed reversible error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.