**Thomas Peter GOSS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60898.**

Court of Criminal Appeals of Texas.

May 23, 1979.

Rehearing En Banc Denied July 11, 1979.

Scott E. Segall, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Leo B. Garcia, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for failure to stop and render aid. After appellant entered a plea of nolo contendere, the court assessed punishment at five years and granted probation.

In his first ground of error appellant attacks the indictment for its failure to include a proper allegation of the culpable mental state. In relevant part the indictment alleged that appellant did:

".  .  . intentionally and knowingly drive and operate a motor vehicle, to-wit: an automobile, and was then and there, while so driving said vehicle, involved in a collision with motorcycle occupied by one Ramiro Zaldivar, which said collision was an accident which then and there resulted in personal injury to said Ramiro Zaldivar;  and the said defendant, Thomas Peter Goss, after said accident, did then and there fail and refuse to immediately stop and remain at the scene of said accident and did then and there, after said accident, fail and refuse to render reasonable assistance to the said Ramiro Zaldivar, who was then and there injured as a result of said accident, .  .  ."

Appellant does not deny that the indictment alleges he intentionally and knowingly drove an automobile, but responds to that allegation with the assertion that driving an automobile is not an offense under Texas law. Appellant's attack focuses on the failure of the indictment to allege his state of mind as to the collision and as to his leaving the scene of the accident.

The prosecution was brought under Article 6701d, Secs. 38 and 40, V.A.C.S., which provide:

"Sec. 38. (a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 40. Every such stop shall be made without obstructing traffic more than is necessary.

"(b) Any person failing to stop or to comply with said requirements under such circumstances shall upon conviction be punished by imprisonment in the penitentiary not to exceed five (5) years or in jail not exceeding one (1) year or by fine not exceeding Five Thousand ($5,000.00) Dollars, or by both such fine and imprisonment."

"Sec. 40. The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address, and the registration number of the vehicle he is driving and shall upon request and if available exhibit his operator's, commercial operator's or chauffeur's license to the person struck or the driver or occupant of or person attending any vehicle colliding with and shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person."

It can be seen from the statutory language that no culpable mental state is expressly provided for this offense. Appellant relies on V.T.C.A., Penal Code Sec. 6.02. Sec. 6.02(b) provides:

"If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element."

The State contends this provision of the Penal Code does not apply to the offense at hand because the offense is located in the civil statutes and not in the Penal Code. V.T.C.A., Penal Code Sec. 1.03(b) is contrary to the State's position, and provides:

"The provisions of Titles 1, 2, and 3 of this code apply to offenses defined by other laws, unless the statute defining the offense provides otherwise; . . ."

In *Bocanegra v. State*, Tex.Cr.App., 552 S.W.2d 130, a conviction for welfare fraud under Article 695c, Section 34, V.A.C.S., was set aside because the information failed to allege a culpable mental state. Section 34(1) and (2) of the statute defining the offense were found not to prescribe culpable mental states, but it was held that one was nevertheless required by Secs. 6.02(b) and 1.03(b), supra, because the statute did not plainly dispense with any mental element.

In *Broyles v. State*, Tex.Cr.App., 552 S.W.2d 144, it was held that Sec. 6.02, supra, applied to the offense defined in Article 9012, Sec. 2(2), V.A.C.S., by virtue of Sec. 1.03(b), supra.

■ We hold that the Sec. 6.02 requirement of a culpable mental state applies to the offense of failing to stop and render aid as defined in the above quoted civil statute.

We must now decide what culpable mental state is required.

Sec. 6.02(c), supra, provides:

"If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b) of this section, intent, knowledge, or recklessness suffices to establish criminal responsibility."

Despite this statutory language, it has been stated that even though burglary under V.T.C.A., Penal Code Sec. 30.02(a)(3) does not expressly require a culpable mental state, under Sec. 6.02(b) and (c), supra, a culpable mental state of intentionally or knowingly, and *not* recklessly, is required. *Day v. State*, 532 S.W.2d 302, 305, n. 1, and accompanying text. Early cases under the first statute creating an offense of failing

to stop and render aid indicate that this offense, like burglary under Sec. 30.02(a)(3), supra, requires knowledge rather than recklessness.

■ At the time of *Scott v. State*, 90 Tex.Cr.R. 100, 233 S.W. 1097, the statute on failure to stop and render aid provided in part:

"Whenever an automobile strikes any person, the driver of, and all persons in control of such automobile, shall stop, and render to the person struck all necessary assistance, including the carrying of such person to a physician or surgeon for medical or surgical treatment, if such treatment be required, or if such carrying is requested by the person struck."

At that time the requirement of knowledge that a collision occurred was regarded as a defensive matter that was not essential to the indictment. The Court in *Scott* said:

"Appellant complains that the indictment is defective in not alleging that the accused 'knowingly' struck the party injured, or that, 'knowing' he had struck him, he failed to stop and render aid. We cannot agree to this contention. The word 'knowingly' or 'knowing' does not appear in the description of the act denounced as an offense, and it is not necessary for the state to so allege. If it becomes an issue on the trial, lack of knowledge on the part of a defendant that he had injured some one would excuse him and be a defense to a prosecution under the article in question."

Although the Court at that time held that an indictment for failure to stop and render aid did not have to allege that the defendant knew a collision had occurred, it did recognize that such knowledge must be proven by the State beyond a reasonable doubt and the jury must be charged on the matter, if evidence raised the issue. *Stalling v. State*, 90 Tex.Cr.R. 310, 234 S.W. 914; *Goforth v. State*, 92 Tex.Cr.R. 200, 241 S.W. 1027; *Blakeley v. State*, 127 Tex.Cr.R. 339, 77 S.W.2d 688. In *Goforth v. State*, supra, the Court wrote:

"The nature of the statute upon which the conviction rests is such that absence

of knowledge on the part of the driver that his car struck some person or vehicle would entitle him to an acquittal."

Although today's statute on failure to stop and render aid is not the same as the one in effect at the time of these earlier cases, the essential point that the accused must know an accident has occurred before the duty to stop and render aid arises, and before he may be held culpable for failure to stop and render aid, is as sound today as then. A construction of Article 6701d, Secs. 39 and 40, supra, that imposes strict liability upon the driver who had no knowledge that an accident had occurred would be unreasonable, and we find such a construction untenable.

These early cases, however, also characterized the issue of lack of knowledge as a defensive matter and accorded it the procedural consequences that under the present code attach to a defense under V.T.C.A., Penal Code Sec. 2.03. That is to say, the Court in prior cases held that such knowledge need not be alleged in the indictment, but if lack of knowledge were raised by the evidence, the jury must be charged to acquit if there were a reasonable doubt on the matter. *Scott, Stalling, Goforth, Blakeley,* supra.

Under the new penal code, in contrast, the culpable mental state is expressly made, not a defense, but an element of the offense, V.T.C.A., Penal Code Sec. 1.07(a)(13)(B), and this is so even where the culpable mental state is not expressly stated in the statutory definition of the offense. Sec. 6.02(b), supra. In numerous cases this Court has so held, and has set aside indictments as fundamentally defective for failure to allege a culpable mental state even though the definition of the offense did not prescribe a culpable mental state. *Tew v. State,* Tex.Cr.App., 551 S.W.2d 375 (possession of firearm by a felon, V.T.C.A., Penal Code Sec. 46.05); *Ex parte Winton,* Tex.Cr.App., 549 S.W.2d 751 (burglary under V.T.C.A., Penal Code Sec. 30.02(a)(3)); *Zachery v. State,* Tex.Cr.App., 552 S.W.2d 136 (attempted rape). See also, *West v. State,* Tex.Cr.App., 567 S.W.2d 515; *Braxton v.*

*State,* Tex.Cr.App., 528 S.W.2d 844. And this rule has also been applied to offenses not defined in the penal code and not expressly prescribing a culpable mental state even though the offense pre-dated the new requirements of the penal code. *Bocanegra v. State,* supra.

We hold that pursuant to Sec. 1.03(b), supra, the requirements of Sec. 6.02, supra, apply to Art. 6701d, Secs. 38 and 40, supra, and that the culpable mental state thereby required for the offense of failing to stop and render aid is that the accused had knowledge of the circumstances surrounding his conduct (V.T.C.A., Penal Code Sec. 6.03(b)), i. e., had knowledge that an accident had occurred. We further hold that under Sec. 1.07(a)(13), supra, such knowledge is an element of the offense, and therefore must be alleged in the indictment. "For offenses that require a culpable mental state, it is an element of the offense and must be alleged in the indictment. V.T.C.A., Penal Code Sec. 1.07(a)(13); *Ex parte Garcia,* Tex.Cr.App., 544 S.W.2d 432; *Tew v. State,* Tex.Cr.App., 551 S.W.2d 375; *Zachery, Winton,* supra." *West v. State,* Tex.Cr.App., 567 S.W.2d 515. Finally, we hold that the indictment in this case did not allege that culpable mental state. Although it does allege that appellant did intentionally and knowingly drive and operate his automobile, as pointed out by appellant, it is not an offense to drive a car, and the indictment utterly fails to allege appellant knew that the accident had occurred. It therefore fails to allege the culpable mental state of the offense.

The judgment is reversed and the prosecution is ordered dismissed.