Gladys Amelia WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 63707.

Court of Criminal Appeals of Texas, Panel No. 2.

June 25, 1980.

James B. Ammons, Wichita Falls, for appellant.

Timothy D. Eyssen, Dist. Atty., Wichita Falls, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and CLINTON, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for the offense of failure to stop and render aid. A punishment of one year of confinement in the Texas Department of Corrections was imposed. Appellant, in her sole ground of error, asserts that the indictment under which she was charged was defective. We disagree and affirm the judgment below.

Divested of its formal parts, the indictment charged that appellant

"did then and there drive a vehicle, to-wit: a 1977 Chevrolet pickup truck, on a public road and while driving said vehicle did strike Melody Ann Yarborough with said vehicle so driven by Gladys Amelia Williams and did then and there and thereby injure the person of said Melody Ann Yarborough and the said Gladys Amelia Williams did then and there intentionally and knowingly fail to stop and render reasonable assistance to the said Melody Ann Yarborough, in this, the said Gladys Amelia Williams did then and there fail to stop and carry, and fail to make arrangements for the carrying of the said Melody Ann Yarborough to a physician and surgeon for medical and surgical treatment, it being apparent that such treatment was necessary by reason of said injuries received aforesaid. . . ."

In *Goss v. State*, 582 S.W.2d 782, 785 (Tex.Cr.App.1979), we held that ". . . the culpable mental state . . . required for the offense of failing to stop and render aid is that the accused had knowledge of the circumstances surrounding his conduct (V.T.C.A., Penal Code, Section 6.03(b)), i. e., had knowledge that an accident had occurred. We further hold that under Section 1.07(a)(13), such knowledge is an element of the offense, and therefore must be alleged in the indictment."

The question here, as it was in *Goss*, is whether or not the indictment failed to allege that the appellant had knowledge that she had struck a person with her motor vehicle and thereby injured him. In *Goss*, the relevant portion of the indictment charged that "the said defendant, Thomas Peter Goss, after said accident, did then and there fail and refuse to immediately stop . . . ." In that case, we held that it was not alleged that Goss had knowledge that an accident had occurred and, therefore, the culpable mental state required for the offense of failing to stop and render did not exist. For that reason, the conviction in *Goss* was reversed. In the instant case, however, it is alleged that ". . . Gladys Amelia Williams did then and there *intentionally and knowingly fail to stop . . . it being apparent* that such treatment was necessary by reason of said injuries received . . . ." [Emphasis added].

We are of the view that the underlined words in the indictment in this case distinguish it from the one held defective in *Goss*, supra, and that contrary to appellant's assertion it was sufficient to charge the offense of failing to stop and render aid.

The judgment is affirmed.