**David Lee REED, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–81–003–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 29, 1981.

J. V. Hayslip, Texas City, for appellant.

James F. Hury, Jr., Dist. Atty., Galveston, for appellee.

Before MILLER, MORSE and SAM ROBERTSON, JJ.

MORSE, Justice.

This is an appeal from a conviction of driving while intoxicated in violation of Tex.Rev.Civ.Stat.Ann. Art. 6701*l*–1 (Vernon Supp. 1980–1981). The punishment was assessed at six months in the county jail and a five hundred dollar fine ($500.00).

Appellant comes before this court with a single point of error. He contends that the information filed in this case is void for failure to state a culpable mental state as required by Article 6.02 of the Texas Penal Code. Although this exact issue was considered in *Greer v. State*, 544 S.W.2d 125 (Tex.Cr.App.1976); *Owen v. State*, 525 S.W.2d 164 (Tex.Cr.App.1975); and *Ex Parte Ross*, 522 S.W.2d 214 (Tex.Cr.App. 1975), appellant argues that the previous decisions should be reconsidered under the decision in *Goss v. State*, 582 S.W.2d 782 (Tex.Cr.App.1979). The *Goss* decision held fundamentally defective an indictment that failed to include a proper allegation of a culpable mental state for the offense of failure to stop and render aid.[1] Although the statute in *Goss* did not prescribe a culpable mental state, the court held that knowledge that an accident had occurred was an element of the offense and that some allegation of such mental state (not having been plainly dispensed with by the statute) was required under § 6.02 of the Penal Code.

In *Ex Parte Ross, supra*, the Texas Court of Criminal Appeals specifically addressed the issue of whether the passing of § 6.02 required the proving of a culpable mental state under Article 6701*l*–1. The court had previously held that the offense of "driving an automobile upon a public highway while intoxicated" consists of only two elements: (1) intoxication and (2) driving upon a highway in such condition. Accordingly, the court concluded that the legislature did not, through the enactment of § 6.02, intend to require as an additional element proof of a culpable mental state in the offense of driving while intoxicated. The fact that the court in the *Goss* decision found that a culpable mental state must be found in the offense of failure to stop and render aid, an offense of an entirely different nature, does not in any way affect the reasoning and conclusions of the *Ross* decision.

Therefore, appellant's ground of error is overruled and the judgment is affirmed.

---

1. Tex.Rev.Civ.Stat.Ann. Art. 6701d §§ 38 & 40.