**Mickey Frank PRYOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–83–00042–CR.

Court of Appeals of Texas,
Dallas.

April 4, 1983.

Rod L. Poirot, Dallas, for appellant.

Henry Wade, Dist. Atty., Tom Streeter, Asst. Dist. Atty., for appellee.

Before STOREY, FISH and GUILLOT, JJ.

PER CURIAM *.

Appellant raises seven grounds of error in his appeal from a conviction for failure to stop and render aid in violation of Tex.Rev. Civ.Stat.Ann. art. 6701d, § 38 (Vernon 1977) and art. 6701d, § 40 (Vernon 1977). The court assessed punishment at seven years in the Texas Department of Corrections. We affirm.

### Defective Indictment

Appellant's first five grounds of error complain that the trial court erred in denying his motion to quash the indictment. The indictment, in pertinent part, reads:

[appellant] was the driver of and in control of an automobile and while operating the said automobile did strike Janet Ruth Smith, with the said automobile and did thereby injure the person of Janet Ruth Smith, and the said [appellant], did then and there knowingly and intentionally fail to stop and render to the said Janet Ruth Smith all reasonable assistance, and did then and there knowingly and intentionally fail to stop and carry and fail to make arrangements for the carrying of the said Janet Ruth Smith, to a physician and surgeon and hospital for medical and surgical treatment which appeared necessary by reason of the said injury received as aforesaid.

Appellant's timely filed motion to quash complained that the indictment failed to give proper factual notice concerning:

1. the nature and description of the injuries incurred by the complainant;

2. facts, which should have been apparent to appellant, to support the conclusion that complainant needed medical assistance;

3. to whom the need of medical assistance appeared necessary;

4. a culpable mental state as to appellant's knowledge that any person had been struck; and,

5. the designation of particular location of the accident as required by Tex. Rev.Civ.Stat.Ann. art. 6701d, § 21 (Vernon 1977).

Appellant urges that he was entitled to receive notice of the above facts so that he could adequately prepare his defense citing Tex.Code Crim.Proc.Ann. arts. 21.03, 21.04 and 21.11 (Vernon 1966).

The elements of an offense under article 6701d, § 38, the penal section of article 6701d, are:

1. a driver of a vehicle

2. involved in an accident

3. resulting in injury or death of any person

4. intentionally and knowingly

5. fails to stop and render reasonable assistance.

*Steen v. State,* 640 S.W.2d 912 (Tex.Cr.App. 1982) (en banc). That part of section 40 under which appellant was indicted has similar requirements except that it requires a driver to render to any person injured reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon, or hospital for treatment if it is apparent that such treatment is necessary.

The indictment set out all of the elements of the offense. Subject to rare exceptions, an indictment which tracks the words of the penal statute in question is legally sufficient. *Phillips v. State,* 597 S.W.2d 929, 934 (Tex.Cr.App.1980); *Parr v. State,* 575 S.W.2d 522 (Tex.Cr.App.1978). Appellant's first three grounds complain that the indictment failed to adequately describe the nature of complainant's inju-

* This opinion was drafted by Justice A. Joe Fish before the effective date of his resignation from this Court. With minor changes, it is issued as the opinion of this court.

ries, failed to give notice of facts to support the conclusion that complainant needed medical assistance, and failed to reveal to whom the need of medical assistance appeared necessary. These grounds go to evidence relied on by the State which were not necessary for the State to plead. *Phillips,* 597 S.W.2d at 935.

■ Appellant's fourth ground of error complains that the indictment failed to allege a culpable mental state as to appellant's knowledge that anyone had been struck. The Court of Criminal Appeals in *Goss v. State,* 582 S.W.2d 782, 785 (Tex.Cr.App.1979), a case brought under article 6701d, sections 38 and 40, held that "the culpable mental state . . . required for the offense of failing to stop and render aid is that the accused had knowledge of the circumstances surrounding his conduct (V.T.C.A., Penal Code Sec. 6.03(b)), i.e., had knowledge that the accident occurred." Subsequent to the *Goss* decision the Court of Criminal Appeals found that an indictment that alleged that appellant "did then and there *intentionally and knowingly fail to stop . . . it being apparent* that such treatment was necessary by reason of said injuries received" *Williams v. State,* 600 S.W.2d 832, 833 (Tex.Cr.App.1980) (emphasis added by the Court of Criminal Appeals) was sufficient to charge the offense of failing to stop and render aid. *See also Abrego v. State,* 596 S.W.2d 891 (Tex.Cr.App.1980). We find the indictment in the present case, being very similar to that in *Williams,* is sufficient to allege the required culpable mental state.

■ Appellant's final attack upon the indictment urges that it failed to allege an element of the offense. Appellant argues article 6701d, § 21 requires the indictment to allege that the action took place on a public street or highway. Designation of a particular location is not an element of the offense as held in *Steen,* and we do not find that it was a fact necessary for the State to allege.

## Accomplice Testimony

■ Appellant next complains that the trial court erred in denying appellant's special requested instruction on the law of accomplice testimony. The testimony of witness, Dawn Danford, reflects that at one point after the accident she confessed to being the driver of the automobile involved in the hit and run. Further, she testified that she spent the entire day in question with appellant but did not call the police or aid in any way. This testimony, appellant contends, established that Danford was appellant's accomplice and, therefore, the jury should have been charged thereon. We disagree.

In addressing a question similar to that presented the Court of Criminal Appeals has written:

> An accomplice witness is someone who has participated with another before, during or after the commission of a crime . . . . One is not an accomplice witness who cannot be prosecuted for the offense with which the accused is charged . . . A witness is not deemed an accomplice witness because he knew of a crime but failed to disclose of or even concealed it.

*Carrillo v. State,* 591 S.W.2d 876, 882 (Tex.Cr.App.1979) (citations omitted). The overwhelming evidence offered at trial placed the appellant behind the wheel of the automobile that struck the complainant. Sections 38 and 40 of article 6701d make only the driver of a vehicle liable for failure to stop and render aid. Appellant's theory does not rest on an assertion that Danford was the driver of the vehicle, rather, he asserts that Danford was an accomplice because she aided in the concealment of the crime. Because Danford could not have been convicted of the crime charged, she was not an accomplice to the crime and appellant was therefore not entitled to an instruction on this theory.

Appellant next complains that, since Danford's testimony was accomplice testimony the trial court erred in entering a judgment of conviction, as the evidence was insufficient to corroborate the accomplice testimony. Because of our conclusion that Dan-

ford's testimony was not accomplice testimony, we overrule this ground of error.

### Extraneous Offenses

During the direct examination of witness Danford, the following exchange took place:

Q: What did you do when you got back over to Mickey's momma's house?

A: Mickey was talking to his Mom and I was talking to his sister, and they were telling me how he's been in prison before, and . . .

MR. POIROT: Your Honor, I object to that.

THE COURT: Sustained.

MR. POIROT: Unresponsive, bringing out matters not admissible.

THE COURT: Sustain the objection.

MR. POIROT: And ask the jury to be instructed to disregard it.

THE COURT: Disregard the last question and answer.

MR. POIROT: Make a motion for mistrial.

THE COURT: Overruled.

 Appellant complains that the unresponsive answer containing hearsay harmed appellant and was so prejudicial that the instruction to disregard could not cure the error. We disagree. A trial court's instruction to disregard cures the admission of improper testimony, except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. *Campos v. State,* 589 S.W.2d 424, 428 (Tex. Cr.App.1979). We conclude that, under the circumstances presented by this case, the testimony complained of does not meet the test required for reversible error.

### Inadmissible Evidence

 Appellant complains of the introduction of State's exhibit number 4, a computer printout, in two grounds of error. First, he complains that the trial court erred in overruling the following objection: "Your Honor, we would object to State's Exhibit No. 4 as not being a proper predicate for its introduction, being hearsay upon hearsay." Appellant's brief argues that the evidence was inadmissible under the Business Records Act. Tex.Rev.Civ.Stat.Ann. art. 3737e (Vernon Supp.1982–1983). Appellant's second ground of error relating to the computer print-out complains that the trial court erred in admitting this evidence over his objection because its admission violated the best evidence rule. Notwithstanding any improper admission of this evidence, we conclude that appellant was not harmed. *See Williams v. State,* 629 S.W.2d 791, 794 (Tex.App.—Dallas 1981, pet. ref'd.). The computer print-out was introduced to link appellant with the car that struck complainant. Danford, a passenger in the car appellant was driving at the time in question, positively identified appellant as the driver of the vehicle that struck complainant. Thus, the evidence complained of was cumulative and does not constitute grounds for reversal.

Affirmed.