Joseph Charles McGEE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–85–00452–CR.

Court of Appeals of Texas,
Dallas.

Dec. 30, 1985.

S. Michael McColloch, David W. Coody Bruner, McColl, McColloch & McCurley, Dallas, for appellant.

Leslie McFarlane, Asst. Dist. Atty., Dallas County, Dallas, for appellee.

Before GUILLOT, MALONEY and HOWELL, JJ.

GUILLOT, Justice.

Appellant appeals from an enhanced conviction for failure to stop and render aid. He was sentenced to forty years. For the reasons below, we affirm.

In his first ground of error, appellant contends that the indictment was fundamentally defective in failing to allege that appellant knew that he was involved in an accident. Appellant cites *Goss v. State*,

582 S.W.2d 782, 785 (Tex.Crim.App.1979). In *Goss* the court of criminal appeals implied a culpable mental state for the offense of failing to stop and render aid:

that the accused had knowledge of the circumstances surrounding his conduct, i.e., had knowledge that an accident had occurred. [S]uch knowledge is an element of the offense and must be alleged in the indictment.

*Goss,* 582 S.W.2d at 785.

In subsequent cases, the court of criminal appeals, while not overruling *Goss,* has expanded the language in *Goss* as to "knowledge of the circumstances surrounding the conduct." In *Abrego v. State,* 596 S.W.2d 891, 892 (Tex.Crim.App.1980) and *Williams v. State,* 600 S.W.2d 832, 833 (Tex.Crim.App.1980), the court upheld indictments for:

[I]ntentionally and knowingly failing to stop and render reasonable assistance . . . it being apparent that such treatment was necessary by reason of said injuries.

as alleging the requisite culpable mental state. *See also, Pryor v. State,* 651 S.W.2d 22, 24 (Tex.App.—Dallas 1983, pet. ref'd).

 In the present case, the indictment alleged that defendant did:

knowingly and intentionally fail to stop and render aid . . . which appeared necessary by reason of the said injury received as aforesaid.

This language parallels the language in *Abrego, Williams* and *Pryor.* We therefore overrule appellant's first ground of error.

▮ In his last ground of error, appellant contends that the evidence was insufficient to prove the enhancement of the punishment allegations. There was no necessity to arraign the defendant on punishment because he chose to have the court assess punishment. *Reed v. State,* 500 S.W.2d 497 (Tex.Crim.App.1973). We overrule this ground.

Affirm.

HOWELL, J., concurs.

HOWELL, Justice, concurring.

I reluctantly concur. I do not believe that the indictment sufficiently alleges a culpable mental state. However, the decisions cited by the majority have gone far to erase the requirement that the State directly and affirmatively allege a culpable mental state in prosecutions under the stop and render aid statute. "The existence of a

*mens rea* is the rule of, rather than the exception to, the principles of Anglo-american criminal jurisprudence." *Dennis v. United States,* 341 U.S. 494, 500, 71 S.Ct. 857, 862, 95 L.Ed. 1137 (1951). To excuse the State from the requirement that a culpable mental state be both pleaded and proved raises serious due process questions. *Wilbur v. Mullaney,* 496 F.2d 1303 (1st Cir.1974), *aff'd sub nom. Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

Nevertheless, we are bound by the decisions of the Court of Criminal Appeals. It is not for us to reexamine the decisions of the State's highest court of recourse in criminal actions. Under the existing law, the case must be affirmed.