James Henry HILL, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–88–005–CR.

Court of Appeals of Texas,
Austin.

Nov. 9, 1988.

Robert Icenhauer–Ramirez, Austin, for appellant.

Ronald Earle, Dist. Atty., Terrence Keel, Asst. Dist. Atty., Austin, for appellee.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

POWERS, Justice.

Over a plea of not guilty, the trial court sitting without a jury adjudged James Henry Hill guilty of "bail jumping and failure to appear," a third-degree felony; and, on finding that Hill had been convicted of four previous felonies, the court sentenced him to 25 years imprisonment. Tex.Pen.Code Ann. § 38.11(a), (f) (1974). We will affirm the judgment.

### CULPABLE MENTAL STATE—SUFFICIENCY OF THE EVIDENCE

The indictment averred the offense set out in § 38.11(a) of the Penal Code:

A person lawfully released from custody ... on condition that he subsequently appear commits an offense if he *intentionally or knowingly* fails to appear in accordance with the terms of his release.

(emphasis added). Hill contends "the State introduced no evidence whatsoever regarding" the mental state that accompanied his failure to appear. The State did, however, introduce evidence of two uncontroverted propositions: (1) Hill knew, from the terms of his *instanter* bail bond and from being specifically informed by the trial judge, that his presence was required for a pre-trial hearing at 9:00 o'clock a.m. on October 26, 1987; and (2) Hill failed to appear for the hearing. The issue reduces, therefore, to whether a rational trier of fact might,

from these propositions alone, infer beyond a reasonable doubt that Hill's failure to appear was intentional or knowing.

The decisions in *Euziere v. State*, 648 S.W.2d 700 (Tex.Cr.App.1983) and *Richardson v. State*, 699 S.W.2d 235 (Tex.App. 1985, pet. ref'd) imply that the culpable mental state might be inferred merely from evidence that the defendant failed to appear when he had notice of the date and time his presence was required. Because the fact of such notice was controverted in the evidence, however, the courts did not pursue in those cases the issue with which we are concerned.

In Tex.Pen.Code Ann. § 6.03(b) (1974), the Legislature defined as follows the mental state associated with *knowing* conduct:

A person acts knowingly ... with respect to the nature of his conduct or to circumstances surrounding his conduct *when he is aware of the nature of his conduct or that the circumstances exist....*

(emphasis added). The burden of the offense set out in § 38.11 of the Penal Code lies in the defendant's failure to appear *when he knows* he is bound to do so under the terms of his release from custody.

In *Goss v. State*, 582 S.W.2d 782, 785 (Tex.Cr.App.1979), the court referred to another criminal offense where the defendant's failure to act required, as an element of the offense, a culpable mental state associated with *knowing* conduct—the offense of failing to stop and render aid. "[T]he essential point [is] that the accused must know an accident has occurred before the duty to stop and render aid arises, and before he may be held culpable for [failing] to stop and render aid...." The court held "that the culpable mental state thereby required for the offense of failing to stop and render aid is that the accused had knowledge of the circumstances surrounding his conduct ..., i.e., had knowledge that an accident had occurred." *Id.*

In Hill's case, as in *Goss*, the fact of notice served two functions: (1) it established a duty on the part of the accused; and (2) it informed him of the circumstances that surrounded his conduct. Conse-quently, the *undisputed* fact of notice was sufficient in Hill's case to permit the trier of fact to find that his subsequent failure to appear was knowing or intentional conduct within the meaning of § 38.11(a) of the Penal Code.

Accordingly, we overrule Hill's first point of error.

## REASONABLE EXCUSE

■ Hill contends next that he established a "reasonable excuse" for his failure to appear. He refers to § 38.11(c) of the Penal Code:

It is a defense to prosecution under this section that the actor had a reasonable excuse for his failure to appear in accordance with the terms of his release.

Hill testified that he overslept and missed his ride to the courthouse, but that he called his bail-bond company and reported later in the day to the courthouse, to be told his bond had been forfeited. He was arrested about a month later. A clerk of the court testified she was in the courtroom most of the day and Hill did not appear.

The trial judge was free to accept or reject Hill's testimony. *Johnson v. State*, 571 S.W.2d 170, 173 (Tex.Cr.App.1978). When questioned on cross-examination about his previous felony convictions, Hill was "not sure" and could not "remember" whether he was the same person convicted in three of the previous cases. In our view, the trial judge was reasonable in discounting Hill's testimony that he overslept. We overrule the point of error.

## VOID INDICTMENT

■ Hill was indicted for the unauthorized use of a motor vehicle. Tex.Pen.Code Ann. § 31.07(a) (1974). A grand jury returned the indictment in Travis County where the case was being prosecuted when Hill was released from custody. Because the indictment averred that Hill used the motor vehicle in *Bastrop* County, Hill contends the offense could not be prosecuted in *Travis* County; and the indictment was, for that reason, void. Consequently, he

reasons, the trial court's order to appear on October 26, 1987, was also void and cannot support his conviction in the present case. We reject the argument.

In addition to alleging that Hill used the motor vehicle in Bastrop County, without authority, the indictment also averred that the "vehicle was originally reported stolen in Travis County...." The indictment was introduced in evidence in the present case. In Tex.Code Cr.P.Ann. art. 13.23 (Supp. 1988), the Legislature specifically authorized the prosecution of such offenses "where the unauthorized use of the vehicle occurred *or in the county in which the vehicle was originally reported stolen.*" (emphasis added). By authorizing venue in the county where the vehicle was originally reported stolen (Travis County in the present case), the Legislature presupposed subject-matter jurisdiction in the courts of that county in such cases. Consequently, the indictment in Hill's case was not void on the ground claimed. We hold accordingly and overrule the point of error.

Finding no error, we affirm the judgment below.