**Opinion filed January 17, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-17-00010-CR

_____

## AUBREY DEAN PATTERSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CR44057**

## M E M O R A N D U M   O P I N I O N

The jury convicted Appellant of the third-degree felony offense of bail jumping and failure to appear. *See* TEX. PENAL CODE ANN. § 38.10(a) (West 2016). The trial court found the State's enhancement allegations charging Appellant as a habitual offender to be true, and it assessed his punishment at confinement for thirty years in the Institutional Division of the Texas Department of Criminal Justice. Appellant brings two issues on appeal. We affirm.

*Background Facts*

Appellant was indicted for the felony offense of theft. He was released from custody on that charge on August 1, 2014. During his release, Midland County Pretrial Services (MCPS) supervised Appellant under a pretrial bond.[1] The 385th District Court in Midland County later set Appellant's felony arraignment hearing for September 26, 2014, at 8:30 a.m. Appellant testified that he was aware that he needed to appear in court on this date and time.

In the early morning hours of September 26, 2014, Appellant was working the "morning tour" for his employer, a drilling company, on a rig located thirty-four miles north of Big Spring. Appellant testified that he left work around 5:50 a.m. that morning and headed to the courthouse in Midland to attend the arraignment hearing. He stated that when he was twelve miles north of Big Spring, his vehicle sustained a flat tire. He contacted his attorney's office to explain the situation. Appellant testified that he was not able to reach his attorney but spoke with someone who he believed was a secretary.

Appellant testified that he told this person that he did not know "how long it would take to get back to Midland." Appellant testified: "[A]ll I was led to believe was that it would actually be notified to my attorney at the time and then be rescheduled. They'd notify me when. That's all I knew then." After changing his tire, Appellant arrived in Midland at 9:25 a.m. Because he believed that his hearing would be rescheduled, he went straight to the tire shop. Appellant did not appear in court that day.

---

[1]MCPS secures the release of inmates from jail on a pretrial bond. MCPS supervises these individuals and ensures that they abide by the terms of their release. A person released under this program is required to regularly report to his or her assigned officer and is made aware of any upcoming court appearances.

Appellant's former attorney in the underlying theft case, Wayne Frost, also testified at Appellant's trial. Frost testified that he was present for Appellant's arraignment hearing and waited for Appellant for about an hour. According to Frost, Appellant never contacted him that day to explain why he failed to appear. He testified that the next time Appellant spoke with him was "[a] day or two later." Frost stated that the only reason Appellant gave for missing the arraignment hearing was "car trouble." Frost further explained that there was no miscommunication between the trial court and his office or between himself and Appellant.

Appellant admitted that he was required to contact MCPS to report any problems, based on the conditions of his bail. However, he did not contact MCPS on September 26, 2014, about the flat tire. He testified that he did not call MCPS because he believed that there was no longer an issue due to his understanding that the hearing would be rescheduled. Given his belief, Appellant also did not think to contact the trial court to check on his status. When Appellant reported to MCPS the following Monday, on September 29, 2014, he was arrested for his failure to appear at the hearing.

Over Appellant's objections, the State presented evidence during the guilt/innocence phase of twelve prior convictions, which included multiple burglary-related offenses and one offense for unauthorized use of a vehicle. Appellant argued that the extraneous-offense evidence "from 24 years ago" was "unduly prejudicial." The State responded that Appellant's prior convictions were admissible under Rule 404(b) of the Texas Rules of Evidence to show his "plan, motive, [and] lack of mistake . . . in regards to this offense of fail[ure] to appear." In particular, the State argued that the evidence was relevant to show Appellant's lack of mistaken belief and to rebut Appellant's defense that he simply relied upon the statements purportedly made by a secretary to forgo attending a scheduled court appearance. The trial court overruled Appellant's objections. In doing so, the trial court

3

repeatedly instructed the jury that it was to consider the prior convictions for the limited purpose "of proving motive, opportunity, intent, preparation, knowledge, identity or absence of mistake and for no other purpose."

*Analysis*

In his first issue, Appellant contends that the evidence was insufficient to support his conviction for failure to appear. Specifically, Appellant asserts that he lacked the culpable mental state to be found guilty of the offense of failure to appear because he had a reasonable excuse for such failure.

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; Clayton, 235 S.W.3d at 778.

A person commits the offense of failure to appear if he has been lawfully released from custody, with or without bail, on condition that he subsequently appear, and then he intentionally or knowingly fails to appear in accordance with the terms of his release. PENAL § 38.10(a). The person may defend himself against the charge by showing that he had a "reasonable excuse" for his failure to appear. *Id.* § 38.10(c). A reasonable excuse is one that an ordinary and prudent person would rely on under the same or similar circumstances to justify his failure to make a court appearance. *See Gallegos v. State*, 828 S.W.2d 577, 579 (Tex. App.—Houston [1st Dist.] 1992, no pet.).

The defendant bears the initial burden of producing some evidence to support his defense. *See* PENAL § 2.03(c); *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). Once the defendant produces such evidence, the State then bears the burden of persuasion to disprove the defense. *Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991). The burden of persuasion does not require the production of evidence but, rather, only requires the State to persuade the jury beyond a reasonable doubt. *Allen v. State*, 253 S.W.3d 260, 267 (Tex. Crim. App. 2008). A jury verdict of guilty results in an implicit finding against the defensive theory. *Zuliani*, 97 S.W.3d at 594; *Saxton*, 804 S.W.2d at 914.

The defendant cannot be convicted of intentionally or knowingly committing the offense of failure to appear absent proof that he had notice of the proceeding at which he failed to appear. *Richardson v. State*, 699 S.W.2d 235, 238 (Tex. App.—Austin 1985, pet. ref'd) (per curiam) (op. on reh'g). The undisputed fact that the defendant did have notice, however, is sufficient to permit the trier of fact to find that his subsequent failure to appear was intentional or knowing conduct. *See Hill v. State*, 760 S.W.2d 369, 370 (Tex. App.—Austin 1988, no pet.).

Appellant does not dispute that he had notice of the arraignment hearing. Rather, Appellant asserts that he had a reasonable excuse for his failure to attend.

He claims that he lacked "the requisite criminal intent" to commit the offense of bail jumping and failure to appear because his failure to attend the arraignment hearing was "simply a mistake and accident[] as evidenced by the trial court testimony and evidence." In support, he argues that he complied with all prior bond requirements underlying his release and encountered "vehicle problems" on the day of the arraignment hearing. In light of his previous compliance record and vehicle issues, Appellant argues that it was "reasonable to assume" that his failure to attend the arraignment hearing was for "a legitimate excusable reason." Thus, he argues that he "acted as an ordinary and prudent person relying on the vehicle circumstances to justify his failure to make the [a]rraignment hearing."[2]

Whether an excuse is reasonable is generally a fact issue for the jury. *Luce v. State*, 101 S.W.3d 692, 694 (Tex. App.—Texarkana 2003, no pet.). The jury is the sole judge of the weight and credibility of the evidence. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). It is within the jury's province to believe some, all, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). Because the jury is the sole judge of the witnesses' credibility, we defer to that resolution when asked to review the sufficiency of the evidence. *See Brooks*, 323 S.W.3d at 899.

Apart from Appellant's own testimony, there was no evidence at trial to support that he encountered a flat tire on the way to court or that he had a conversation with a secretary in his attorney's office. The jury could have concluded that Appellant's testimony regarding these events was not credible. Considering all the evidence in the light most favorable to the verdict, we conclude that a rational

---

[2]Appellant does not expressly rely on his conversation with the secretary to support his reasonable-excuse argument. Given Appellant's broad statement that "the trial court testimony and evidence" supports his lack of criminal intent, we will assume that he is arguing that his conversation with the secretary and, in turn, his belief that his hearing would be rescheduled also support his reasonable-excuse defense.

trier of fact could have found all the elements of the offense of bail jumping and failure to appear beyond a reasonable doubt and could have rejected Appellant's "reasonable excuse" defense beyond a reasonable doubt. We overrule Appellant's first issue.

In his second issue, Appellant contends that the trial court abused its discretion when it admitted his prior convictions into evidence. He argues that their admission violated both Rule 404(b) and Rule 403 of the Texas Rules of Evidence. First, he contends that the prior convictions are not relevant to his failure-to-appear charge apart from their tendency to prove conduct in conformity with his character. Second, he asserts that the probative value of the convictions was substantially outweighed by the danger of unfair prejudice.

We review a trial court's evidentiary ruling under an abuse of discretion standard. *Dabney v. State*, 492 S.W.3d 309, 318 (Tex. Crim. App. 2016). "A trial judge abuses his discretion when his decision falls outside the zone of reasonable disagreement." *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). We will uphold the trial court's ruling on the admission or exclusion of evidence if the ruling was proper under any legal theory or basis applicable to the case. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011).

Extraneous-offense evidence is admissible under both Rule 404(b) and Rule 403 if that evidence satisfies a two-prong test: (1) "whether the extraneous offense evidence is relevant to a fact of consequence in the case apart from its tendency to prove conduct in conformity with character"; and (2) "whether the probative value of the evidence is not substantially outweighed by unfair prejudice." *Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005); *see also De La Paz v. State*, 279 S.W.3d 336, 343–44 (Tex. Crim. App. 2009). If the evidence satisfies this two-prong test, a trial court's ruling is generally within the zone of reasonable disagreement. *De La Paz*, 279 S.W.3d at 344.

7

Rule 404(b) prohibits the admission of extraneous-offense evidence at the guilt phase of a trial to prove that a defendant committed the charged offense in conformity with bad character. *Devoe*, 354 S.W.3d at 469 (citing TEX. R. EVID. 404(b)). However, extraneous-offense evidence may be admissible when it has relevance apart from character conformity. *Id.* (citing *Moses v. State*, 105 S.W.3d 622, 626 (Tex. Crim. App. 2003)). Such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." TEX. R. EVID. 404(b)(2). Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence." TEX. R. EVID. 401. Additionally, one well-established rationale to admit evidence of extraneous offenses is to rebut a defensive theory that negates one of the elements of the offense. *De La Paz*, 279 S.W.3d at 343; *Martin*, 173 S.W.3d at 466.

Appellant argues that his twelve prior convictions are not relevant apart from character conformity because they are more than twenty years old and none of them deal with a failure-to-appear offense. The State, however, contends that Appellant's prior convictions are relevant to show Appellant's lack of mistaken belief. In particular, the State argues that "[a] person with as much involvement with the criminal justice system as Appellant had would not have simply relied on an individual—with no official connection with the court system—telling him that [his] hearing would be re-scheduled." Indeed, Appellant's twelve prior convictions illuminate his familiarity with the processes of the legal system. He testified that, in those earlier cases, he did appear in court for his arraignment hearings. He stated that he did so because he was aware that he was required to appear. Thus, we conclude that Appellant's prior convictions are relevant to rebut his defensive theory that his failure to appear in this case was "simply a mistake and accident[]."

Even if extraneous-offense evidence is relevant under Rule 404(b), the trial court may exclude it under Rule 403 if its probative value is substantially outweighed by a danger of unfair prejudice. TEX. R. EVID. 403; *see Martin*, 173 S.W.3d at 467. Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *See Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007); *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). A Rule 403 balancing test includes the following factors: (1) how compellingly the extraneous-offense evidence serves to make a fact of consequence more or less probable; (2) the potential the other offense evidence has to impress the jury in some irrational but nevertheless indelible way; (3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and (4) the force of the proponent's need for this evidence to prove a fact of consequence, i.e., does the proponent have other probative evidence available to help establish this fact, and is this fact related to an issue in dispute. *De La Paz*, 279 S.W.3d at 348–49.

In applying the factors listed above, we conclude that the admission of Appellant's prior convictions did not violate Rule 403. Although Appellant's prior convictions were more than twenty years old, they served the purpose of highlighting Appellant's familiarity with the legal system and his awareness of the importance of attending scheduled court appearances. Because Appellant attended his prior hearings, the trial court could have reasonably concluded that the State needed the evidence to rebut Appellant's defensive theory that he simply relied upon the statements purportedly made by a secretary at his attorney's office when he failed to appear. Further, the record does not reflect that the evidence of Appellant's prior convictions had the potential to impress the jury in an irrational manner. Although the prior convictions did not relate directly to Appellant's failure-to-appear offense, the trial court repeatedly instructed the jury that it was to consider the prior

9

convictions only for a limited purpose, namely to prove lack of mistake or accident. The evidence also did not consume an inordinate amount of time to present. Accordingly, the trial court's admission of the prior convictions was not outside the zone of reasonable disagreement. The trial court did not abuse its discretion when it admitted the extraneous-offense evidence. We overrule Appellant's second issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


January 17, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.