BILLIE WILLIAMS V. THE STATE.

No. 18437.   Delivered February 17, 1937.

.. The opinion states the case.

*E. J. Conn,* of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for failing to stop and render aid; punishment, two years in the penitentiary.

The facts in this record show, from the State's standpoint, that appellant was driving a car which struck a child, injuring it so that it died, and that appellant wholly failed to render or offer to render any aid or assistance,—but on the contrary sat in her car which inflicted the injury until other parties went to the aid and assistance of the child, put her in a car and started with her to a hospital, whereupon appellant changed from the driver's seat in her car, and the man with her drove the car away. Officers testified when they later that day found appellant, she was drunk.

Appellant as a witness swore that the accident was unavoidable as the child ran in front of her car; but she said she stopped the car in less than a car length, went at once back to where the child's body was, and we quote from her testimony as follows:

"I will state that I stayed there until some fellow picked it up and put it in a car, and as soon as he drove off we drove off too. * * * I did stop and render what aid I could."

In her cross-examination appellant said that she and her companion Mr. Robinson both got out of their car and immediately went back to where the little girl was. She testified:

"I did all I could do; I couldn't do anything. * * * that fellow was carrying her to the hospital. * * * There was a fellow picking her up * * * I did not get there before the man got there that carried her to the hospital. * * * When I got there they were picking her up. * * * I said 'What could we do?' and he said 'Well, we will get her to the hospital.' * * * This other fellow had her."

Under this state of case the court below charged the jury in paragraph five of his charge, applying the law to the facts, that if they found that appellant struck said child with her car, and "did then and there unlawfully fail to stop and render to the said Mollie May Goodson all necessary assistance, by then and there failing to stop and render to the said Mollie Goodson all necessary assistance, by then and there failing to stop and carry the said Mollie May Goodson to a physician or surgeon for medical and surgical treatment required by the said

Mollie May Goodson by reason of the said injury received as aforesaid by being struck by said automobile so driven by and in control of the said Billie Williams, you will find the defendant guilty as charged in the indictment," etc.

Specific objection to this was that it made an erroneous and improper application of the law to the facts, and instructed the jury to convict if appellant failed to carry the said child to a physician for medical or surgical treatment,—regardless of whether such treatment reasonably appeared to appellant to be necessary at the time.

In Scott v. State, 233 S. W. Rep., 1097, we discussed at some length the proper construction to be put on the identical phase of the statute here involved, and held that the question as to whether aid or assistance was required by the accused,—and what aid or assistance, if any,—should be determined from the standpoint of an ordinary person similarly situated as was the accused at the time. In other words, in cases of collision of cars it appears plain that the parties must not fail to stop, but must do so, and also render to the person struck, or the occupants of the car collided with, all such help and assistance as the facts and circumstances would dictate to a person of ordinary temper, disposition and feeling under like circumstances.

In our opinion the charge above set out is defective and more onerous than required by statutes. If we understand same, it made appellant liable in case she failed to carry the injured party to a physician or surgeon for treatment. Manifestly if when appellant arrived at the place where the child was, immediately after the collision, she found some other person already removing the child to a hospital, or to a surgeon for treatment, there would seem to be nothing penal in her failure to do what was already being done. While there is manifestly a duty devolving upon one who collides with and injures another, still and if some other person steps in and does for the injured party that which the accused should have done, and which, in this instance, she claimed she would have done but for the kind offices of such other, then and in such case the failure of the accused to remove the child herself to some place for treatment would not be criminal.

True, the State's testimony in the case before us strongly combats any such state of case, and tends to show that appellant made no effort or move to pick up the body of the injured child, or convey her anywhere for treatment. This, however, but forms an issue for the jury under the state of facts set up by the State and appellant. If we understand the case before

us, the appellant's affirmative side of the issue above referred to seems not to have been presented in the charge, and the State's side of said issue seems to have been erroneously set out.

Mr. Ricks, Miss Stinson and other State witnesses affirm that no effort was made by appellant. Appellant affirmed that she made every effort which reasonably appeared necessary and proper under the circumstances. If the defensive theory of the case had been properly and appropriately submitted and passed upon by the jury, we would not be prepared to say the facts would not support a conviction.

Being of opinion that the charge was erroneous in failing to make a proper application of the law to the facts, and that it failed to affirmatively present appellant's defense, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*