**Carlos Daniel ELIAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–84–00112–CR.

Court of Appeals of Texas,
San Antonio.

April 10, 1985.

George Scharmen, San Antonio, for appellant.

Sam Millsap, Jr., Emil Holiner, Edwin Springer, Charles Estee, San Antonio, for appellee.

Before BUTTS, CANTU and REEVES, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a conviction for the felony offense of failure to remain at

the scene of an accident and render assistance. TEX.REV.CIV.STAT.ANN. art. 6701d § 38(a), (b) (Vernon 1977) and § 40 (Vernon Supp.1985). The jury found appellant guilty and assessed punishment at imprisonment in the penitentiary for two years. We affirm.

■ Appellant attacks the indictment and jury charge as fundamentally defective. We address the indictment contention first. The indictment alleges, in pertinent part, that appellant did:

... on or about the 9th day of JUNE, 1983, ... drive and operate a motor vehicle, to-wit: an automobile, upon a public road, and was ... involved in a collision with a bicycle riden [sic] by ED-WARD MURRAY ... [resulting] in personal injury to the said complainant; and the said defendant *knowing that said accident had occurred, after said accident, did then and there intentionally and knowingly fail and refuse to remain at the scene of said accident and did then and there, after said accident, intentionally and knowingly fail and refuse to render reasonable assistance to the said complainant,* who was then and there injured as a result of said accident, in that the said defendant then and there refused to make arrangements for the carrying of the said complainant to a physician, surgeon and hospital for medical treatment, and it was then and there apparent that such medical treatment for said complainant was necessary, ... (Emphasis added.)

Appellant argues that the indictment fails to charge an offense against him. Section 38(a), *supra,* provides:

The driver of any vehicle involved in an accident resulting in injury to or death of any person *shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 40.* Every such stop shall be made without obstructing

traffic more than is necessary. (Emphasis added.)

Section 38(b) provides:

Any person failing to stop *or to comply with said requirements under such circumstances* shall upon conviction be punished by imprisonment in the penitentiary not to exceed five (5) years or in jail not exceeding one (1) year or by fine not exceeding Five Thousand ($5,000.00) Dollars, or by both such fine and imprisonment. (Emphasis added.)

Section 40 provides:

The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address, and the registration number of the vehicle he is driving and the name of his motor vehicle liability insurer, and shall upon request and if available exhibit his operator's, or chauffeur's license to the person struck or the driver or occupant of or person attending any vehicle colliding with *and shall render to any person injured in such accident reasonable assistance,* including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person. (Emphasis added.)

*Steen v. State,* 640 S.W.2d 912, 915 (Tex. Crim.App.1982) set out the elements of an offense under § 38(b), the penal section of the statute, according to the indictment in that case:

1. a driver of a vehicle
2. involved in an accident
3. resulting in injury or death of any person
4. intentionally and knowingly
5. fails to stop and render reasonable assistance.

*See also Williams v. State,* 600 S.W.2d 832 (Tex.Crim.App.1980); *Abrego v. State,* 596 S.W.2d 891 (Tex.Crim.App.1980); *Goss v. State,* 582 S.W.2d 782 (Tex.Crim.App.1979).

We agree with *Goss, supra,* that knowledge of the occurrence of the accident is a necessary culpable mental state. The present indictment states the appellant had knowledge of the accident, and we do not have any complaint concerning knowledge. (*See* in the dissent Presiding Judge Onion's discussion of the necessity to include this element in *Steen v. State, supra.*)

■ The complaint here is that the indictment is devoid of the words "shall immediately stop such vehicle at the scene of such accident or as close thereto as possible." No motion to quash the indictment was urged in this case addressing lack of notice. TEX.CODE CRIM.PROC.ANN. art. 21.11 (Vernon 1966). The question is whether that allegation is necessary under the facts of this case to state an offense. Only if the indictment fails to allege an offense can this court find it to be fundamentally defective.

■ We therefore must examine the penal section, § 38(b) which sets forth penalties for culpably failing to comply with § 38(a). The requirement of culpability must necessarily be limited to a violation of the penal section. *Steen v. State, supra,* at 915. However, § 38(b) does not limit a violation of this statute to only one offense. It provides specifically, "any person failing to stop [This is the offense which is most often alleged in indictments] *or* to comply with said requirements ..." "Said requirements" means those set out in § 38(a). Among those requirements, is found this requirement, in addition to "shall immediately stop," "shall remain at the scene of the accident." Accompanying either or both of the foregoing accusations, in an indictment is an assertion of a violation of § 40, *supra,* that is, a further duty. In this instance, and indeed, in most indictments, the words, "intentionally and knowingly fail[ed] and refuse[ed] to render reasonable assistance [to the injured person]" will be alleged. This last requirement fulfills the purpose of the statute: to be certain that the person who is injured or who dies will not be left without care at the scene.

■ The Court of Criminal Appeals affirmed *Platter v. State,* 600 S.W.2d 803 (Tex.Crim.App.1980), which was an appeal from a conviction for the felony offense of failure to remain at the scene of a motor vehicle accident and give required information. Article 6701d, §§ 38 and 40. We accordingly conclude that the indictment in the present case properly charged the offense of failure to remain at the scene of the accident and render reasonable assistance to the injured complainant. We overrule ground of error two.

■ Appellant next argues the jury charge is fundamentally defective because it failed to apply the law to the facts of the case. No requested instruction was submitted. In reviewing for fundamental error we look for that error which is "calculated to injure the rights of the appellant to the extent that he has not had a fair and impartial trial." *Ross v. State,* 487 S.W.2d 744, 745 (Tex.Crim.App.1972). *See also White v. State,* 610 S.W.2d 504 (Tex.Crim. App.1981); *Boles v. State,* 598 S.W.2d 274 (Tex.Crim.App.1980); *Harris v. State,* 522 S.W.2d 199 (Tex.Crim.App.1975).

■ It is axiomatic that when the court's charge, defining the crime and stating general principles applicable thereto, fails to make any application of the law to the facts of the case, it is reversible error. *Edwards v. State,* 96 Tex.Crim. 574, 259 S.W. 578 (1924).

In the present case the jury instruction on the law stated in pertinent part:

Our law provides that the driver of any vehicle involved in an accident involving an injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of the accident and render to any person injured in such accident reasonable assistance, ...

In applying the law to the facts of the case, the court charged:

If you find from the evidence beyond a reasonable doubt that [appellant] ... did

then and there intentionally or knowingly fail and refuse to remain at the scene of said accident and did then and there after said accident intentionally or knowingly fail and refuse to render reasonable assistance to the [complainant]....

It is appellant's contention that, in applying the law to the facts of the case, the court should have included the words "shall immediately stop such vehicle at the scene of such accident or as close thereto as possible," and that failure to do so constituted fundamental error because this is an essential element of the offense.

 As we previously noted, the indictment charged the offense for which appellant was convicted. In applying the law to the facts of the case, the trial court tracked the allegations of the indictment. We find that the failure to stop immediately at the scene of the accident or as close thereto as possible was not an essential element of the offense charged in this case.

In connection with this same argument, appellant indicates this part of the statute was critical to the defense of the case. He states the evidence showed the closest telephone was several hundred yards (or possibly one-half mile) from the accident. One of the passengers in his automobile telephoned for aid, and the two passengers returned to the scene. However, appellant remained in the vehicle at a convenience store, where a telephone was located. He argues the jury should have been allowed to consider whether this location was "as close thereto as possible."

Not being an element of the offense for which appellant was on trial, that portion of the statute might arguably represent a defensive theory relied upon at trial. If so, where the charge has submitted the law applicable to the case, the appellant desiring a more specific presentation of any issue, should have requested special instructions thereon. Otherwise the reviewing court will not reverse unless the charge was calculated to injure the rights of appellant. *See* TEX.CODE CRIM.PROC.ANN. arts. 36.15, 36.19 (Vernon 1981).

Accordingly, we hold the court's charge does not present error, fundamental or otherwise. Since we have found no error, it is not necessary that this court take the next step required to reverse a conviction even when error is found, that is, an evidentiary review to discern actual harm to an accused when error has been found in the court's charge. *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App., 1985). Ground of error one is overruled.

Appellant next challenges the sufficiency of the evidence. He argues a rational jury could not have found that appellant "failed to stop" beyond a reasonable doubt. As indicated earlier, the jury was not charged to find that appellant failed to stop. Rather they were charged to find that he failed to remain at the scene of the accident. He argues that the meaning of "scene" should have been defined to include the meaning "as close thereto as possible." The ground of error addresses only the failure of the evidence to support the finding that appellant failed to stop. The charge of the indictment was for failure to remain at the scene, and the jury was so instructed. The sufficiency of the evidence to support that finding is not challenged. The third ground of error is overruled.

Judgment is affirmed.