Navarro v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-345-CR


NO. 3-91-346-CR


AND


NO. 3-91-347-CR




LEE ANDREW NAVARRO,




 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE 


 




FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT



NOS. 90-230, 90-231 & 88-232, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING



 


 

 On two separate indictments, a jury convicted appellant of failure to stop and
render aid; the trial court assessed punishment of three years' confinement for each conviction. 
Tex. Rev. Civ. Stat. Ann. art. 6701d, §§ 38(a), 40 (West 1977 & Supp. 1992). In
conjunction with appellant's trial on these indictments, the court also granted the State's
motion to adjudicate guilt in appellant's prior conviction for injury to a child and assessed
punishment at ten years' confinement. In two points of error, appellant asserts: (1) that the
evidence is legally insufficient to sustain the two convictions for failure to stop and render aid;
and (2) that the trial court abused its discretion in revoking appellant's deferred-adjudication
probation and proceeding to final adjudication. We will affirm the convictions for failure to
stop and render aid, and we will dismiss the appeal regarding the final adjudication of
appellant's conviction for injury to a child.


FAILURE TO STOP AND RENDER AID


 Appellant was involved in a two-vehicle collision on September 6, 1990. Appellant
and two occupants of the second vehicle, Robert Mercado and Manuel Garcia, were injured. 
Immediately after the collision, Stephen Parra, a passer-by, stopped to assess the situation. After
talking to the occupants of both vehicles, Parra determined that the police and an ambulance
should be called. Parra informed appellant of his intentions, and appellant responded, "I don't
want any cops here." Parra left to notify the police dispatcher. Appellant spoke with both
Mercado and Garcia, and, after Parra left but before the police or ambulance arrived, appellant
left the scene on foot. 

 Appellant complains in his point of error regarding the failure-to-stop-and-render-aid convictions that the evidence presented at trial was legally insufficient to sustain the two
convictions. In determining the legal sufficiency of the evidence to support a criminal conviction,
the question is whether, after viewing all of the evidence in the light most favorable to the verdict,
any rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Griffin v. State, 614
S.W.2d 155, 159 (Tex. Crim. App. 1981). 

 Appellant was convicted of failing to stop and render aid as required by sections
38 and 40 of article 6701d. Section 38(a) provides in pertinent part: "The driver of any vehicle
involved in an accident resulting in injury to or death of any person . . . shall remain at the scene
of the accident until he has fulfilled the requirements of Section 40." Tex. Rev. Civ. Stat. Ann.
art. 6701d, § 38(a) (West 1977). The relevant portion of section 40 provides:


The driver of any vehicle involved in an accident resulting in injury to or death of
any person or damage to any vehicle which is driven or attended by any person .
. . shall render to any person injured in such accident reasonable assistance,
including the carrying, or the making of arrangements for the carrying, of such
person to a physician, surgeon, or hospital for medical or surgical treatment if it
is apparent that such treatment is necessary or if such carrying is requested by the
injured person.


Tex. Rev. Civ. Stat. Ann. art 6701d, § 40 (West Supp. 1992) (emphasis added). The State does
not contend that appellant failed to stop; rather, the State contends that he violated the statute by
failing to remain at the scene and render "reasonable assistance" to Mercado and Garcia after the
collision.



1. Cause No. 3-91-346-CR; Failure to Render Aid to Garcia.

 In Cause No. 3-91-346-CR, the jury found appellant guilty of failing to render aid
to Garcia after the collision. Appellant claims that he was aware before he left the scene that
Parra was contacting the appropriate authorities. In essence, appellant argues that Parra's actions
absolved him of any further duty to render assistance. We disagree. Section 40 imposes a duty
to render reasonable assistance. In other words, appellant was required to render such aid and
assistance as the facts and circumstances dictate to a person of ordinary temper, disposition, and
feeling under like circumstances. See Williams v. State, 102 S.W.2d 212, 213 (Tex. Crim. App.
1937) (interpreting a substantially similar criminal statute, since repealed, imposing a duty to stop
and render all "necessary assistance"). The trier of fact must generally determine what assistance,
if any, was required and whether reasonable assistance was rendered.

 The evidence presented at trial was conflicting as to appellant's actions toward
Garcia. The State's witnesses testified that appellant made no effort to inform himself of the
circumstances surrounding Garcia's condition or render any assistance. Although appellant
apparently had a heated conversation with Garcia before leaving the scene, Garcia testified that
they discussed only insurance coverage and that appellant never inquired about Garcia's condition. 
State's witnesses affirmed that Garcia was visibly rubbing his knees and head because of injuries
sustained in the accident. Parra testified that he told appellant the occupants of the other car
"needed help." In addition, State's witnesses testified that appellant was intoxicated, repeatedly
indicated that he did not want the police contacted, and left the scene without explanation before
the ambulance arrived or Parra returned.

 Appellant, on the other hand, testified that he did not observe Garcia rubbing his
knees or head, that he inquired about Garcia's condition during their conversation, and that Garcia
indicated he was "fine." Appellant further testified that he informed Garcia that he was leaving
to go to his home, about a mile down the road, to get help. Such conflicts in the testimony,
however, were for the jury to resolve, and the jury decided them against appellant. See Tex.
Code Crim. Proc. Ann. art. 38.04 (West 1979).

 Appellant relies on the factual analysis in three Texas cases to support his position
that the evidence was insufficient to uphold the convictions in the present case. In Powell v. State,
341 S.W.2d 915 (Tex. Crim. App. 1961), the court reversed the conviction of a defendant
indicted for failure to carry the injured party to a physician for treatment, because a third party
intervened and rendered the required assistance. Similarly, in Bowden v. State, 361 S.W.2d 207
(Tex. Crim. App. 1962), the court reversed the conviction of a defendant indicted for failure to
assist in making arrangements for the carrying of the injured party, because a third party
intervened and rendered assistance. Appellant argues that the circumstances of the present case
are factually similar and that, because Parra intervened and rendered the required assistance, his
conviction cannot be upheld. The Powell and Bowden cases are distinguishable, however, because
the indictments at issue in those cases charged the defendants with failure to perform a specific
act in rendering assistanceparticipating in transporting the injured party to a physician for
treatment. In the present case, the State does not contend that appellant failed to carry or to assist
in making arrangements to carry the injured party to a physician for medical treatment. Rather,
both indictments charged appellant with the failure to "render reasonable assistance." These
broadly worded indictments are sufficient to allow conviction if appellant failed to render any
assistance deemed reasonable by the circumstances, not solely on proof that defendant failed to
transport or make arrangements to transport the injured parties to a physician for treatment. Thus,
whether appellant rendered reasonable assistance under the circumstances was a legitimate fact
question for the trier of fact.

 Appellant relies on the Williams case for the proposition that a defendant's failure
to do for the injured party that which was done by others could not be criminal. Williams, 102
S.W.2d at 213. In that case, the defendant was convicted for failure to stop and render aid where,
again, a third party had intervened and transported the injured party to a physician. The court's
basis for reversing the conviction, however, was due to error in the charge submitted to the jury. 
The charge apparently authorized a conviction if the jury found that the defendant failed to
transport the victim to a physician for medical treatment, regardless of whether such treatment
appeared reasonably necessary to the defendant at the time. Although the court reversed the
conviction on account of this error, the court acknowledged that the evidence presented created
a legitimate fact question: 



[T]he State's testimony . . . tends to show that appellant made no effort or move
to pick up the body of the injured child, or convey her anywhere for medical
treatment. This, however, but forms an issue for the jury. . . .


State witnesses affirm that no effort was made by appellant. Appellant affirmed
that she made every effort which reasonably appeared necessary and proper under
the circumstances. If the defensive theory of the case had been properly and
appropriately submitted and passed upon by the jury, we would not be prepared
to say the facts would not support the conviction.



Id. at 213-214 (emphasis added); see also Davis v. State, 199 S.W.2d 155, 158 (Tex. Crim. App.
1946) (where conflicting evidence was presented regarding defendant's attempt to render
assistance, the court submitted the question to the jury).

 Consistent with Williams and Davis, we conclude in the present case that the
conflicting evidence created a legitimate fact question for the jury. Viewing the evidence in the
light most favorable to the verdict, we conclude that a rational trier of fact could have found
beyond a reasonable doubt that appellant failed to render reasonable assistance to Garcia following
the accident. We overrule appellant's point of error as to Cause No. 3-91-346-CR.



2. Cause No. 3-91-345-CR; Failure to Render Aid to Mercado.

 In Cause No. 3-91-345-CR, the jury found appellant guilty of failing to render aid
to Mercado after the collision. At trial, Mercado presented conflicting testimony. On direct
examination, he testified that he told appellant he had hurt his head. On cross-examination, he
testified that he told appellant he was "O.K." Once again, however, the jury, as the trier of fact,
was charged with the responsibility of resolving any inconsistencies in Mercado's testimony. See
Bowden v. State, 628 S.W.2d 782, 784-85 (Tex. Crim. App. 1982). Viewing the evidence in the
light most favorable to the verdict, we conclude that a rational trier of fact could have found
beyond a reasonable doubt that appellant failed to render to Mercado the reasonable assistance
required by section 40 of article 6701d. We will, therefore, overrule appellant's point of error
as to Cause No. 3-91-345-CR.


INJURY TO A CHILD


 In Cause No. 3-91-347-CR, appellant was indicted on October 12, 1988, for the
third-degree felony offense of injury to a child. On August 1, 1989, appellant entered a guilty
plea pursuant to a plea agreement, and the trial court deferred adjudication and placed appellant
on three years' probation. Pursuant to an agreement between appellant and the State, and in
conjunction with the jury trial of the two failure-to-stop-and-render-aid indictments, the trial court
also conducted a hearing on the State's motion to adjudicate guilt regarding appellant's prior
conviction for injury to a child. On July 10, 1991, the court granted the State's motion and
assessed punishment of ten years' confinement.

 In this appeal, appellant complains that the trial court abused its discretion in
revoking his deferred adjudication probation and proceeding to final adjudication. We conclude
that appellant's contention is without merit. Section 42.12 of the Code of Criminal Procedure
expressly provides:


On violation of a condition of probation imposed under Subsection (a) of this
section, the defendant may be arrested and detained as provided in Section 24 of
this Article. The defendant is entitled to a hearing limited to a determination by
the court of whether it proceeds with an adjudication of guilt on the original
charge. No appeal may be taken from this determination. After an adjudication
of guilt, all proceedings, including assessment of punishment, pronouncement of
sentence, granting of probation, and defendant's appeal continue as if the
adjudication of guilt had not been deferred.


Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 1992) (emphasis added). The court
of criminal appeals has consistently affirmed the validity of the express language of this statute. 
See Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Daniels v. State, 615 S.W.2d 771
(Tex. Crim. App. 1981); Wright v. State, 592 S.W.2d 604, 606 (Tex. Crim. App. 1980);
Williams v. State, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979). Because appellant's point
of error addresses only issues arising from the hearing held on the motion to adjudicate, this Court
does not have jurisdiction to consider appellant's claims on appeal. Phynes, 828 S.W.2d at 2.


CONCLUSION


 We affirm the convictions for failure to render aid to Robert Mercado (Cause No.
3-91-345-CR) and Manuel Garcia (Cause No. 3-91-346-CR). We dismiss appellant's attempted
appeal from the trial court's adjudication of guilt in the injury-to-a-child case (Cause No.
3-91-347-CR).



 

 J. Woodfin Jones, Justice

[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed as to Cause Nos. 3-91-345-CR and 3-91-346-CR; Appeal Dismissed as to Cause

 No. 3-91-347-CR

Filed: October 28, 1992

[Do Not Publish]