[COMMENT1] 

 

 

                                                COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

                                       NOS.  2-04-418-CR

                                                 
2-04-440-CR

 

 

DAVID MICHAEL MCCOWN A/K/A                                                       APPELLANT

DAVID M. MCCOWN

 

                                                             V.

 

THE STATE OF TEXAS                                                                                STATE

 

                                                       ------------

                  FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

                                                       ------------

OPINION

------------

I. Introduction








A jury convicted Appellant David Michael McCown of failing
to stop and render aid and driving while intoxicated (DWI).  The trial court sentenced McCown to ten years= confinement and a
$1,000 fine.  The trial court probated
the confinement portion of McCown's sentence but not the fine.  In three issues, McCown argues that the
evidence is legally and factually insufficient to prove that he failed to stop
and render aid and that the evidence is factually insufficient to prove that he
was driving while intoxicated. 

II. Background Facts

On August 18, 2002, McCown was involved in a car accident
with Javier BuenoBPerez. 
The accident occurred when McCown took an unprotected left turn at an
intersection and crashed head-on into Perez=s vehicle. 

Susan Phillips and her husband witnessed the accident and
stopped to see if McCown and Perez were injured.  Phillips, a nurse, immediately went to McCown=s truck.  Phillips testified that she told McCown to
stay still, but he refused and crawled out of his vehicle through the
window.  McCown then staggered across the
street without inquiring into Perez=s condition.  Phillips also checked on Perez.  Phillips testified that Perez was in pain
because he sustained some kind of impact to his chest.  An ambulance later came and took Perez to the
hospital. 

McCown apparently made his way to a restaurant about a
quarter of a mile away from the scene of the accident.  He was later arrested at the restaurant and
charged with DWI and failure to stop and render aid. 

III. Legal and Factual
Insufficiency 








In his first issue, McCown argues that the trial court
improperly denied his request for instructed verdict because the evidence is
legally insufficient to support his conviction for failure to stop and render
aid.  In his second and third issues,
McCown argues that the evidence is factually insufficient to support the
failure to stop and render aid and the DWI convictions. 

A. Standard of Review








A challenge to the denial of a motion for instructed
verdict is actually a challenge to the legal sufficiency of the evidence.  McDuff v. State, 939 S.W.2d 607, 613
(Tex. Crim. App. 1997); Franks v. State, 90 S.W.3d 771, 789 (Tex. App.CFort Worth 2002,
no pet.).  In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State,
133 S.W.3d 618, 620 (Tex. Crim. App. 2004). 
This standard gives full play to the responsibility of the trier of fact
to resolve conflicts in the testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate facts.  Jackson, 443 U.S. at 319, 99 S. Ct. at
2789.  The trier of fact is the sole
judge of the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v.
State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the fact finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).








In contrast, when reviewing the factual sufficiency of the
evidence to support a conviction, we are to view all the evidence in a neutral
light, favoring neither party.  See
Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual
sufficiency review is whether, considering the evidence in a neutral light, the
fact finder was rationally justified in finding guilt beyond a reasonable
doubt.  Id. at 484.  There are two ways evidence may be factually
insufficient:  (1) the evidence
supporting the verdict or judgment, considered by itself, is too weak to
support the finding of guilt beyond a reasonable doubt; or (2) when there is
evidence both supporting and contradicting the verdict or judgment, weighing
all of the evidence, the contrary evidence is so strong that guilt cannot be
proven beyond a reasonable doubt.  Id. at 484-85.  AThis standard
acknowledges that evidence of guilt can >preponderate= in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.@  Id.
at 485.  In other words, evidence
supporting a guilty finding can outweigh the contrary proof but still be
insufficient to prove the elements of an offense beyond a reasonable
doubt.  Id.   

In performing a factual sufficiency review, we are to give
deference to the fact finder=s determinations,
including determinations involving the credibility and demeanor of witnesses.  Id. at 481; Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). 
We may not substitute our judgment for that of the fact finder=s.  Zuniga, 144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination
of all the evidence.  Id. at 484,
486-87.  An opinion addressing factual
sufficiency must include a discussion of the most important and relevant
evidence that supports the appellant=s complaint on
appeal.  Sims v. State, 99 S.W.3d
600, 603 (Tex. Crim. App. 2003).

B. Legally and Factually Sufficient Evidence
of Failure to Stop and Render Aid 

McCown contends that the evidence is legally and factually
insufficient to support his conviction for failure to stop and render aid
because the State failed to prove beyond a reasonable doubt that it was Areasonably apparent@ to him that Perez
needed treatment. 








Section 550.021(c) of the Texas Transportation Code defines
the offense of failure to stop and render aid. See Tex. Transp. Code Ann. ' 550.021(c)
(Vernon 1999); see also Steen v. State, 640 S.W.2d 912, 915 (Tex. Crim.
App. 1982); Elias v. State, 693 S.W.2d 584, 587 (Tex. App.CSan Antonio 1985,
no pet.).  Under this provision, an operator
of a vehicle involved in an accident resulting in personal injury or death
commits an offense if he Adoes not stop or does not comply with the
requirements of this section.@  Tex.
Transp. Code Ann. ' 550.021(c). 

The requirements of section 550.021 are found in subsection
(a) of the statute, which provides: 

(a) The operator of a vehicle
involved in an accident resulting in injury to or death of a person shall: 

 

(1)
immediately stop the vehicle at the scene of the accident or as close to the
scene as possible; 

 

(2)
immediately return to the scene of the accident if the vehicle is not stopped
at the scene of the accident; and 

 

(3)
remain at the scene of the accident until the operator complies with the
requirements of Section 550.023. 

 

Id. ' 550.021(a).

To comply with section 550.023, the operator of a vehicle
involved in an accident which results in personal injury or death or damage to
a vehicle must 

provide
any person injured in the accident reasonable assistance if it is apparent that
treatment is necessary.  Id. ' 550.023.








Because section 550.021 does not prescribe a culpable
mental state for commission of the offense or plainly dispense with the need to
prove culpability, the State must prove that McCown acted with one of the
culpable mental states found in section 6.02 of the Penal Code.  See
Tex. Penal Code Ann. ' 6.02(b) (Vernon
Supp. 2005).  The Court of Criminal
Appeals has determined that the State satisfies this burden by showing that Athe accused had
knowledge of the circumstances surrounding his conduct . . . , i.e., had
knowledge that an accident had occurred.@  Goss v. State, 582 S.W.2d 782, 785
(Tex. Crim. App. 1979) (citing Tex.
Penal Code Ann. ' 6.03(b) (Vernon 2003)); accord Jaynes
v. State, 673 S.W.2d 198, 201 (Tex. Crim. App. 1984); Baker v. State,
974 S.W.2d 750, 750 (Tex. App.CSan Antonio 1998,
pet. ref'd). 

Thus, Texas courts have listed the elements of the offense
of failure to stop and render aid as follows: 
(1) an operator of a vehicle; (2) intentionally or knowingly; (3)
involved in an accident; (4) resulting in personal injury or death; (5) fails
to stop and render reasonable assistance. 
Steen, 640 S.W.2d at 915; Allen v. State, 971 S.W.2d 715,
717 (Tex. App.CHouston [14th Dist.] 1998, no pet.).  The fifth element can be satisfied by proof
that an operator of a vehicle knowingly involved in an accident involving
injury or death failed to provide any person injured in the accident reasonable
assistance if it was apparent that treatment was necessary.  See Tex.
Transp. Code Ann. '' 550.021(a), (c), 550.023; see also
Elias, 693 S.W.2d at 587.








McCown does not dispute the fact that he
had knowledge of the impact, that his car did in fact hit Perez=s, or that he did
not render aid to Perez.  He does
dispute, however, whether the State sufficiently met its burden of proving  his knowledge of Perez=s injury.  He argues that the State failed to prove
beyond a reasonable doubt that it was Areasonably
apparent@ to him that Perez
needed treatment because there is no evidence that he saw Perez after the
accident or that he ever looked in the direction of Perez=s truck following
his exit from the window of his own vehicle. 














There is no requirement that an accused
must have positive, subjective knowledge of the nature or extent of injury
resulting from the collision.  Such
a prerequisite would defeat the public interest, which is served by requiring
drivers involved in collisions to stop, provide specified information, and
render assistance if necessary.  Instead,
constructive knowledge of the resulting injury is sufficient.  In other
words, the knowledge requirement of section 550.023 is satisfied if an
objective examination of the facts shows that it would be apparent to a
reasonable person that someone has been injured in an accident and is in need
of reasonable assistance.  Like many
other jurisdictions, Texas has tacitly applied this objective standard of
reasonableness regarding a driver=s knowledge of
injury to another person.[1]  See Scott v. State, 90 Tex. Crim. 100,
233 S.W. 1097, 1100 (1921) (holding fair and reasonable construction of the
statute in question required driver to render all aid that would reasonably
appear to him as ordinary person to be necessary); see also Williams v.
State, 132 Tex. Crim. 33, 102 S.W.2d 212, 213 (1937) (holding that in
automobile collision cases, parties must stop and render aid to person struck,
offering all such help and assistance as facts and circumstances would dictate
to person of ordinary temper, disposition, and feeling under like
circumstances).  Thus, if a
collision occurs under circumstances that a reasonable person would or should
have anticipated would result in injury to another person, knowledge of that
fact is imputed to the driver.  See
Goar v. State, 68 S.W.3d 269, 272 (Tex. App.CHouston [14th
Dist.] 2002, pet. ref=d) (holding that rational jury could
determine that appellant knew of apparent injury to cyclist when a witness who
had no knowledge that accident occurred testified that he discovered body in a
ditch after he observed glimmer of damaged bicycle as he drove along same
portion of the road where earlier accident occurred); Allen, 871 S.W.2d
at 718-19 (holding that rational jury could determine appellant Aknew of the
'apparent' injury to a cyclist@ based on
testimony that appellant and others heard the collision and cyclist was visibly
injured thereafter).  Absent this
objective reasonable person requirement, a callous person might nullify the
humanitarian purpose of the statute by the simple act of immediate flight from
an accident scene without ascertaining exactly what occurred.  We do not believe that the legislature intended
such a result.  Consequently, to establish
McCown=s knowledge that
it was apparent that treatment was necessary, the State had to show that a
reasonable person in McCown=s position would
or should have anticipated an injury as a result of the collision.[2]








Here, the State introduced the following
evidence showing knowledge that he knew or should have known that the impact
caused injury to a person:  Perez
testified that McCown ran head-on into his truck with sufficient force to cause
the vehicles to bounce off of one another and separate.  Perez also stated that he passed out
immediately as a result of the impact and that he coughed up blood for fifteen
days following the accident. 

Additionally, Phillips, a witness who
heard and saw the result of the accident, testified that the collision caused a
loud crash that sounded like metal crashing together.  She also testified that she could easily
observe that Perez was injured and that this was a Abig@ accident. 

The testimony of Perez and Phillips is
sufficient to establish that appellant knew or should have known of the injury
to Perez.  See Allen, 971 S.W.2d
at 718.  It is difficult to imagine any accident
involving contact of this force between two automobiles in which a reasonable
driver would not know that an injury was possible.  








Therefore, after viewing the evidence in
the light most favorable to the verdict, we hold that a rational trier of fact
could have found that McCown knew or should have had knowledge that Perez was
injured and apparently needed treatment. 
See Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.  Furthermore, viewing all of the evidence in a
neutral light, favoring neither party, we also conclude that the evidence taken
alone, is not too weak to support the finding of guilt beyond a reasonable
doubt and that the contrary evidence is not so strong that guilt cannot be
proven beyond a reasonable doubt.  See
Zuniga, 144 S.W.3d at 481. 
Therefore, we conclude that the evidence is legally and factually
sufficient to establish that McCown knew or should have known that he had been
involved in an automobile accident sufficient to cause injury to the other
driver, Perez.  We overrule McCown=s first two
issues.

C. Factually
Sufficient Evidence of Driving while Intoxicated 

In his third issue, McCown contends that
the evidence supporting his DWI conviction was factually insufficient.  He argues that besides the odor of alcohol on
his breath and the fact that he left the scene of the accident with a
staggering gate, there is very little evidence that he was intoxicated.  He argues further that his Astaggering gate@ could have
actually been the result of the car accident and not the result of
intoxication.  The State responds that
McCown=s conviction is
supported by factually sufficient evidence. 

A person commits the offense of driving
while intoxicated if he operates a vehicle in a public place while
intoxicated.  Tex. Penal Code Ann. ' 49.04(a) (Vernon
2003).  AIntoxicated@ is defined as:

(A) not
having the normal use of mental or physical faculties by reason of the
introduction of alcohol, a controlled substance, a drug, a dangerous drug, a
combination of two or more of those substances, or any other substance into the
body; or 

 

(B) having
an alcohol concentration of 0.08 or more. 

 








Id. ' 49.01(2)(A)‑(B).  A witness does not have to be an expert to
testify that a person he observes is intoxicated by alcohol; therefore, lay
opinion testimony by a police officer that a person is intoxicated is probative
evidence that a person was Adrunk.@  Henderson v. State, 29 S.W.3d 616, 622
(Tex. App.CHouston [1st Dist.] 2000, pet.
ref'd).  

The following evidence was presented at
trial.  Phillips testified that McCown
smelled of alcohol.  Robert Kowalski, the
manager of the restaurant where McCown was arrested, testified that McCown=s walk was
uncoordinated and that he did not appear to have the normal use of his physical
and mental faculties.  However, Kowalski
also stated that he did not recall smelling alcohol on McCown.  Officer Darren Vercruysse, the arresting
officer, testified that McCown had a difficult time maintaining his
balance.  He also observed that McCown=s eyes were watery
and bloodshot, his speech was slurred and delayed, and he smelled of
alcohol.  Additionally, Vercruysse stated
that McCown refused to perform a field sobriety test or to provide a breath
specimen for testing. 








Viewing the foregoing evidence in a
neutral light, favoring neither party and giving due deference to the fact
finder=s determinations,
we hold that the evidence is factually sufficient to support McCown=s conviction for
driving while intoxicated.  See Tex. Penal Code Ann. ' 49.01(2)(A); see
also Fogle v. State, 988 S.W.2d 891, 894 (Tex. App.CFort Worth 1999,
pet. ref=d) (holding
intoxication evidence factually sufficient). 
Accordingly, we overrule McCown=s third
issue.  

IV. Conclusion

Having overruled all three of McCown=s issues, we
affirm the trial court=s 

judgments. 

 

BOB MCCOY

JUSTICE

 

PANEL A:    CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

DAUPHINOT,
J. filed a dissenting opinion.

 

PUBLISH

 

DELIVERED: March 2, 2006

 

 

 

 

 

 

 











 
 
 
 
 
 
 




 

 

 

                                      COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

                                                            NOS.  2-04-418-CR

2-04-440-CR

 

 

DAVID
MICHAEL MCCOWN A/K/A                                                       APPELLANT

DAVID M.
MCCOWN

 

                                                             V.

 

THE
STATE OF TEXAS                                                                                STATE

 

                                                       ------------

 

                  FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                          DISSENTING OPINION

 

                                                       ------------

 








I must dissent from the opinion and
judgment affirming Appellant=s conviction for
the offense of failure to stop and render aid. 
Although I believe that the majority opinion correctly tracks the
applicable statutes, it nevertheless conflicts with the holding of the Texas
Court of Criminal Appeals in State v. Stevenson.[3]


The offense of failure to stop and render
aid at issue in Stevenson occurred under former article 6701d.[4]  That article was subsequently repealed and
codified in chapter 550 of the Texas Transportation Code, but without
substantive changes to the law.[5]  Former section 38(a) provided,

The driver of any vehicle involved in an
accident resulting in injury to or death of any person shall immediately stop
such vehicle at the scene of such accident or as close thereto as possible but
shall then forthwith return to and in every event shall remain at the scene of
the accident until he has fulfilled the requirements of Section 40.  Every such stop shall be made without
obstructing traffic more than is necessary.[6]

Former section 38(b) provided penalties
for failing to fulfill these requirements.[7]  Former section 40 provided,








The driver
of any vehicle involved in an accident resulting in injury to or death of any
person or damage to any vehicle which is driven or attended by any person shall
give his name, address, and the registration number of the vehicle he is
driving and the name of his motor vehicle liability insurer, and shall upon
request and if available exhibit his operator=s, commercial operator=s, or chauffeur=s license to the person struck or
the driver or occupant of or person attending any vehicle colliding with and shall
render to any person injured in such accident reasonable assistance, including
the carrying, or the making of arrangements for the carrying, of such person to
a physician, surgeon, or hospital for medical or surgical treatment if it is
apparent that such treatment is necessary or if such carrying is requested by
the injured person.[8]

In Stevenson, in which a
husband was the driver and his wife was the injured person, the driver remained
at the scene as he believed the law required. 
But the Stevenson court held,

In the present case, the only persons involved in
the accident were appellee and his wife. 
Presumably, appellee and his wife already have the information required
by ' 40.  Because ' 38 merely requires a
driver to remain at the scene long enough to impart the information required by
' 40, those statutes did
not require appellee to remain at the scene at all since all the injured
parties already possessed the requisite information.[9] 

 








In a footnote, the Stevenson
court pointed out that A[e]ven if his wife did not
possess some of the information, because she occupied the same vehicle as
appellee, the required information could have been conveyed without stopping
the vehicle.@[10]

Clearly, then, the Stevenson
court held that a person involved in an accident resulting in personal injury
need not remain at the scene after he had provided his name, address,
and the registration number of the vehicle he was driving and the name of his
motor vehicle liability insurer.[11]  If the driver could provide that information
without stopping at the scene of the accident, he could lawfully leave the
scene of the accident and provide the required information in another manner.[12]  

Despite the fact that the wife
was injured, the Stevenson court did not hold that the driver need
remain at the scene to secure medical treatment.[13]  The Stevenson court treated that
element of former section 40 as mere surplusage.[14]








In the case now before this
court, Appellant left his automobile at the scene of the accident.  He therefore provided a motor vehicle
registration number and, even if his name, address, and insurance information
were not somewhere within the car, the means of learning his name, address, and
insurance information, thus satisfying the statutory requirements pursuant to Stevenson.[15]  

Appellant did not remain at the
scene to secure medical treatment.  But
as the majority notes, a nurse was on the scene, and she provided such aid as
she could.  Additionally, someone had
called an ambulance.  Certainly, more
assistance was provided in the case before this court than in Stevenson.  Yet, the Stevenson court held that
Stevenson had done all that was required of him by providing his name, address,
and motor registration number, which he lawfully could have done as he fled the
scene, and by presumably coming up with a way to provide insurance information
later.[16]

 

 

 

 

 








By affirming Appellant=s
conviction because he did not remain at the scene to provide the injured person
reasonable assistance in seeking medical treatment, the majority seems to track
the applicable statutes exactly.[17]  But because the holding of the majority
conflicts with the clear mandate in Stevenson, I must respectfully
dissent.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PUBLISH                                                            

DELIVERED: March 2, 2006

 

 

 

 

 

 

 

 








 











[1]This approach, which
holds the driver to a reasonable person standard as to the fact or extent of an
injury, has been adopted by a number of other jurisdictions.  See, e.g., Touchstone v. State, 155
So.2d 349, 351 (Ala. Ct. App. 1963); Blevins v. State, 623 P.2d 853, 857
(Ariz. Ct. App. 1981); People v. Holford, 403 P.2d 423, 427 (Cal. 1965);
Carpenter v. State, 334 N.W.2d 137, 139 (Iowa 1983); Fearing v. State, 284
S.E.2d 487, 491 (N.C. 1981); Kauffman v. Com., 470 A.2d 634, 640 (Pa.
Super. Ct. 1983); Baker v. State, 627 A.2d 835, 840 (R.I. 1993);
Sidway v. State, 431 A.2d 1237, 1240 (Vt. 1981); Kil v. Com., 407
S.E.2d 674, 679 (Va. Ct. App. 1991); Tennant v. State, 319 S.E.2d 395,
401 (W. Va. 1984).





[2]Additionally, a driver=s lack of knowledge due
to his voluntary intoxication is no defense to a violation.  See Salter v. State, 159 Tex. Crim.
482, 264 S.W.2d 719, 721 (1954) (holding that testimony that appellant was
drinking at time of collision and was suffering from delirium did not require
court to charge jury to acquit defendant if defendant was incapable of
distinguishing between right and wrong).





[3]958 S.W.2d 824 (Tex.
Crim. App. 1997).





[4]See Act of June 18, 1947,
50th Leg., R.S., ch. 421, '' 38, 40, 1947 Tex. Gen. Laws 967, 974 (current
version at Tex. Transp. Code Ann. ''  550.021, .023 (Vernon 1999)).





[5]See Act of May 23, 1995,
74th Leg., R.S., ch. 165, '' 24(a), 25, 27, 1995 Tex. Gen. Laws 1025, 1870‑71.





[6]See Act of June 18, 1947,
50th Leg., R.S., ch. 421, ' 38(a), 1947 Tex. Gen. Laws at 974.





[7]See id. ' 38(b), 1947 Tex. Gen.
Laws at 974.





[8]Act of May 27, 1977, 65th
Leg., R.S., ch. 810, ' 4, 1977 Tex. Gen. Laws
2029, 2029 (emphasis added) (current version at Tex. Transp. Code Ann. ' 550.023).





[9]Stevenson, 958 S.W.2d at 827
(emphasis added; footnote omitted).





[10]Id. at 827 n.4.





[11]Id. at 827.





[12]Id. at 827 & n.4.





[13]Id. at 827-28.





[14]Id.





[15]Id. at 827 & n.4; see
also Tex. Transp. Code Ann. '' 550.021, .023.





[16]Stevenson, 958 S.W.2d at 827 &
n.4.





[17]See Tex. Transp. Code Ann. '' 550.021, .023.















 [COMMENT1]

Majority by Justice McCoy

Dissent by Justice Dauphinot